**Norman E. McCOY and Mary Louise McCoy, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 81–7620.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 11, 1982.*

Jan. 18, 1983.

* The panel finds this case appropriate for submission without argument pursuant to Ninth Cir.R. 3(a) and Fed.R.App.P. 34(a).

Norman E. McCoy, Mary Louise McCoy, for petitioners.

Robert T. Duffy, Murray S. Horwitz, Washington, D.C., for respondent.

Before BROWNING, SNEED, and SCHROEDER, Circuit Judges.

SNEED, Circuit Judge:

Appellants ("the McCoys") challenge the Tax Court's denial of a motion for summary judgment on their petition for redetermination of an income tax deficiency of $5,935.00 and additions to tax of $1,151.54. The McCoys also appeal the Tax Court's dismissal of the case for failure properly to prosecute because they refused to comply with the Commissioner's discovery requests and with court orders to produce documents relevant to the petition. 76 T.C. 1027 (1981). We affirm, and because we find this appeal to be frivolous, we award double costs to appellee. Fed.R.App.P. 38; *Edwards v. Commissioner*, 680 F.2d 1268, 1271 (9th Cir. 1982).

## I.

### FACTS

The Commissioner issued notices of deficiency for the years 1973 through 1976 to Norman and Mary McCoy, and assessed penalties for failure to file under sections 6651(a), 6653(a), and 6654 of the Internal Revenue Code. The McCoys filed a petition for redetermination of deficiency. In the

space provided for "adjustments ... in the notice of deficiency with which you disagree and why you disagree," they wrote: "I object to answering these questions baised [sic] on my constitutional rights as per the first, fourth, fifth and 13th amendments." They left other questions on the form unanswered.

There followed a series of fruitless meetings and letters between the McCoys and the Internal Revenue Service. The McCoys refused to stipulate to facts or to respond to the Commissioner's interrogatories and requests for production of documents.

At a hearing on the Commissioner's motion for an order compelling compliance, Mr. McCoy stood on the Fifth Amendment. He stated that he would comply with discovery only if he were granted immunity from criminal prosecution. He did not explain his fear of prosecution and was unwilling to discuss it in chambers with the tax court judge. The order of compliance requested by the Commissioner was issued.

At trial, McCoy admitted that he had failed to comply with most of the Commissioner's discovery requests, and repeated his Fifth Amendment claim and his request for immunity. The Tax Court dismissed the McCoys' suit for failure to prosecute and entered judgment for the Commissioner in the amount of deficiency claimed. The Tax Court denied the McCoys' motions for reconsideration of findings or opinion and to vacate or reverse its decision. The McCoys appeal.

## II.

## DISCUSSION

■ Tax Court rules provide that if a taxpayer fails to comply with a court order directing the production of documents or with any other court order the case may be dismissed and judgment entered for the Commissioner. Tax Ct.R. 123(a), (b). Because the McCoys failed to comply with substantially all discovery requests and related court orders, even after being warned that dismissal might follow, the Tax Court acted within its discretion in dismissing their case.

The McCoys raise a series of constitutional challenges to the Tax Court procedure and to the Internal Revenue Code. The McCoys contend that (1) the discovery order violated their Fifth Amendment privilege against self-incrimination; (2) placing the burden of proof on the taxpayer in a Tax Court review of a deficiency determination contravenes the Due Process Clause of the Fifth Amendment; (3) the Tax Court should have granted the McCoys immunity from prosecution, and that failure to grant immunity infringed their due process rights; (4) requiring the taxpayer· to produce records violates the Fourth Amendment; and (5) the Seventh Amendment entitles a litigant in the Tax Court to a jury trial. These claims have no merit.

■ The McCoys may not invoke the Fifth Amendment privilege against self incrimination to justify their refusal to comply with discovery. A valid Fifth Amendment objection may be raised only to questions which present a "real and appreciable danger of self-incrimination." *United States v. Neff,* 615 F.2d 1235, 1238 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980). If the threat is remote, unlikely, or speculative, the privilege does not apply, and while the claimant need not incriminate himself in order to invoke the privilege, if the circumstances appear to be innocuous, he must make some "positive disclosure" indicating where the danger lies. *Id.* at 1238; *Edwards v. Commissioner,* 680 F.2d 1268, 1270 (9th Cir. 1982). Mr. McCoy flatly refused to justify his fear of criminal prosecution. The Fifth Amendment claim therefore must be rejected.

■ The imposition of the burden of disproving the Commissioner's deficiency determination on the taxpayer does not violate the due process guarantees of the Fifth Amendment. The constitutionality of the rules under which the Commissioner's determination is presumed to be correct has been consistently affirmed. *Rockwell v. Commissioner,* 512 F.2d 882, 887 (9th Cir.),

*cert. denied,* 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975). "Congress can condition the taxpayer's right to contest the validity of a tax assessment pretty much as it sees fit." *Id.*

The Tax Court's denial of the McCoys' request for a grant of immunity also does not violate the McCoys' due process rights. The decision whether to grant immunity rests with the United States, not with the Tax Court. 18 U.S.C. §§ 6000–6005; *Hartman v. Commissioner,* 65 T.C. 542, 547 (1975). Nothing in the record indicates that the absence of immunity made the trial "unfair." *Cf. United States v. Alessio,* 528 F.2d 1079, 1082 (9th Cir.), *cert. denied,* 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976).

The McCoys' Fourth Amendment claim is similarly frivolous. "Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure." *Edwards,* 680 F.2d at 1270.

The McCoys are not entitled to a jury trial. Because there is no common law right of action against the sovereign, the Seventh Amendment does not apply to suits against the United States. *McElrath v. United States,* 102 U.S. 426, 440, 26 L.Ed. 189 (1880). Therefore the denial of the right to a jury in Tax Court is not unconstitutional. *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981); *Olshausen v. Commissioner,* 273 F.2d 23, 27–28 (9th Cir. 1959), *cert. denied,* 363 U.S. 820, 80 S.Ct. 1256, 4 L.Ed.2d 1517 (1960). Moreover, by paying the tax and perfecting a refund suit the McCoys could have obtained a jury trial. They voluntarily chose not to do this.

The judgment of the tax court is affirmed. Appellee is awarded double costs.

AFFIRMED.