BUDDY L. SNEAD and LIGAYA SNEAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Snead v. Commissioner
Docket No. 14909-82.
United States Tax Court
T.C. Memo 1983-557; 1983 Tax Ct. Memo LEXIS 228; 46 T.C.M. (CCH) 1358; T.C.M. (RIA) 83557; September 12, 1983. *228 Buddy L. Snead, pro se. Juandell D. Glass, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: This case is before the Court on respondent's motion for judgment on the pleadings, filed on March 28, 1983, and heard on June 20, 1983. Petitioners Buddy L. Snead and Ligaya Snead, husband and wife, resided in Elmdale, Kansas, on the date filed their petition in this case. They filed joint Federal income tax returns with the Internal Revenue Service for 1978 and 1979. In the statutory notice, respondent determined deficiencies in petitioner's 1978 and 1979 Federal income tax of $13,857.90 and $22,661.97, respectively, and additions to tax under section 6653(a) [1] for those years in the respective amounts of $692.89 and $1,133.10. The issues raised in the notice of deficiency are whether petitioners failed to report bank interest income during 1978, and whether they underreported business receipts and overstated allowable business expenses so as to understate their taxable income during 1978 and 1979 in the amounts of $41,722.20 and $60,546.29, respectively. *229 In their petition, petitioners raise frivolous and incomprehensible arguments as to why respondent's determination is in error. [2] Rule 34(b) [3] provides, in pertinent part, that the petition in a deficiency action shall contain: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * * (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *. No justiciable error has been alleged by petitioners in their petition with respect to respondent's determination of the deficiency or addition to tax, and no facts in support of such error are contained therein. [4] Rule 34(b). Instead, the petition filed *230 herein asserts frivolous objections and, thus, fails to state a claim upon which relief can be granted. [5] See McCoy v. Commissioner,696 F. 2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027, 1029 (1981). Accordingly, respondent's motion is granted. [6] See Rules 40, 53, and 120. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩
2. For example, Federal reserve notes are not dollars, petitioners are not Federal Municipal Slaves, the Declaration of Independence has made petitioners free, and the XIII Amendment to the United States Constitution↩ confirms that petitioners are not slaves. 3. Unless otherwise indicated, any references to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
4. In their reply to respondent's answer, and at the hearing of the instant case, petitioners continued to raise arguments which failed to allege any justiciable error. ↩
5. See also Evans v. Commissioner,T.C. Memo. 1981-580↩. 6. See also Mallory v. Commissioner,T.C. Memo. 1983-257; Sidle v. Commissioner,T.C. Memo. 1982-124↩.