LEON L. NIELSEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nielsen v. Commissioner
Docket No. 22647-82.
United States Tax Court
T.C. Memo 1984-405; 1984 Tax Ct. Memo LEXIS 266; 48 T.C.M. (CCH) 729; T.C.M. (RIA) 84405; August 1, 1984. *266 Petitioner failed to file income tax returns for 1979 and 1980. In December of each of these years he filed false Forms W-4 with his employer. Petitioner received wages and commission income in 1979 and 1980. Held: (1) Addition to tax under section 6653 (b), I.R.C. 1954 (fraud), imposed for 1980, the only year for which it was asserted. (2) Deficiencies are determined, and other additions to tax imposed, for 1979 and 1980 in accordance with the notice of deficiency. Leon L. Nielsen, pro se. Steven R. Guest, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under section 6651(a) (1) [1] (failure to file timely returns), 6653(a) (negligence, etc.), 6653(b) (fraud), and 6654 (underpayment of estimated tax), as follows: Additions to Tax
Year
Deficiency [2] *267 Sec. 6651(a)
Sec. 6653(a)
Sec. 6653(b)
Sec. 6654
1979
$582
$16
$29
1980
4,344
$2,172
$278
The issues for decision are as follows: (1) Whether petitioner is liable for an addition to tax under section 6653(b) for 1980; (2) What are the amounts of the deficiencies for 1979 and 1980; and (3) Whether petitioner is liable for additions to tax under sections 6651(a)(1) (for 1979), 6653(a) (for 1979), and 6654 (for 1980). FINDINGS OF FACTS When the petition was filed in the instant case, petitioner resided in Manitowoc, Wisconsin. For 1977, petitioner and his wife filed a joint income tax return showing wages income of $13,387, adjusted gross income of $13,241, "tax table" income of $11,254, income tax liability of $338, income tax withheld of $879.72, and a section 39 credit of $2.16. For 1978, petitioner and his wife filed a joint income tax return showing wages income of $13,056, adjusted gross income of $12,844, "tax table" income of $10,939, income tax liability of $133, income tax withheld of $643, and a section 39 credit of $3. For each of the years 1977 and 1978, the wages income was, in its entirety, petitioner's from Manitowoc Company, Inc. (hereinafter sometimes referred to as "Manitowoc"), *268 and was the amount shown on a Form W-2 from Manitowoc (rounded to the nearest dollar), which Form W-2 was attached to the income tax return. For each of the years, petitioner and his wife reported a loss from the rental of a house, and claimed dependency deductions for four dependent children who lived with them. For 1977, petitioner and his wife claimed excess itemized deductions of $1,987 and for 1978, $1,905. During 1979 and 1980, petitioner was employed and received compensation from his employers, as indicated in table 1. Table 1 Year
Employer
Compensation
1979
Manitowoc
$ 6,122.88
General Motors Corporation
3,743.67
Total
$ 9,866.55
1980
General Motors Corporation
$23,679.64
Petitioner timely received Forms W-2 from his employers for 1979 and 1980, showing the foregoing amounts of compensation. On or about October 22, 1979, petitioner signed (under penalties of perjury) and submitted to General Motors Corporation (hereinafter sometimes referred to as "GM") a Form W-4 on which he claimed eight personal exemptions for income tax withholding purposes, as follows: one each for himself and his wife, four for dependents, and two additional withholding allowances for itemized deductions. On or *269 about December 3, 1979, petitioner signed (under penalties of perjury) and submitted to GM a Form W-4 on which he claimed 29 personal exemptions for himself. On or about December 3, 1980, petitioner signed (under penalties of perjury) and submitted to GM a Form W-4 stating (1) that he did not owe any income tax for the last year and had a right to a refund of all income tax withheld, and (2) that for the current year he did not expect to owe any income tax and expected to have a right to a refund of all income tax withheld. Manitowoc withheld $251.06 Federal income tax from petitioner in 1979. GM withheld $265.69 and $5.00 Federal income tax from petitioner in 1979 and 1980, respectively. Petitioner performed services for Fuller Brush Company (hereinafter sometimes referred to as "Fuller") during 1979 and 1980, for which he received commission income in each of these years. Respondent determined that these commissions amounted to $977 and $447 for 1979 and 1980, respectively. During 1979 and 1980, petitioner was married, had four children, and provided more than half of the support for these four children; he did not provide support for anyone else during these years. Petitioner *270 did not file Federal income tax returns for 1979 and 1980. * * * For the year 1980, petitioner had an underpayment of income tax required to be shown on his tax return and some part of this underpayment for 1980 was due to fraud. OPINION I. Fraud--1980
Respondent maintains that, for 1980, petitioner had an underpayment of income tax and that all or part of this underpayment was due to fraud. Petitioner contends that he had no income, no tax liability, and no obligation to file a tax return. He states that he "is not guilty of fraud because the rules and regulations do not apply." (Emphasis in original.) We agree with respondent. When he seeks to impose the addition to tax under section 6653(b), [3] *271 respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [4] Rule 142(b); [5] e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [6]Mensik v. Commissioner,328 F.2d 147 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), *272 affg. a Memorandum Opinion of this Court; [7]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d at 303; Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). In carrying his burden, respondent has not relied on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiency (e.g., Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982), and cases there cited). Rather, respondent presented persuasive evidence, unchallenged as to amount by petitioner, *273 that petitioner had substantially all the income respondent had determined in the notice of deficiency--in an amount sufficient to produce an underpayment for 1980. In determining whether any part of this underpayment is due to fraud, we note the following: (1) Petitioner understood his obligation to file tax returns and pay income taxes, as shown by his filing of tax returns and payment of withheld income taxes for 1977 and 1978, when his income was less than it was for 1980. (2) Petitioner failed to file an income tax return for 1980. (3) Petitioner filed Forms W-4 with his employer, claiming that he was entitled to 29 withholding exemptions and, later, that he was exempt from income tax withholding. The steps petitioner took to stop the payment of income taxes through the withholding system, together with his failure to file an income tax return, enabled petitioner to avoid the payment of the income taxes that he understood he was obligated to pay. The false Forms W-4 are most significant. Habersham-Bey v. Commissioner,supra. The foregoing combination of elements persuades us that respondent has carried his high burden of proof in the instant case. We conclude that petitioner's *274 underpayment for 1980 was due to fraud. See Rowlee v. Commissioner,80 T.C. 1111, 1123-1126 (1983); Habersham-Bey v. Commissioner,78 T.C. at 312-314. Petitioner's "even exchange" contentions, and his other contentions to the extent he has articulated them in any understandable way, have been analyzed in sufficient detail and have been rejected in Rowlee v. Commissioner,supra; we see no need to restate the analysis. See also, McCoy v. Commissioner,696 F.2d 1234 (CA9 1983), affg. 76 T.C. 1027 (1981). We, also, reject the contentions. We hold for respondent on this issue. II. Other Issues
Petitioner bears the burden of proof on all the other issues in the case--deficiencies for both years, additions to tax under sections 6651(a)(1) and 6653(a) for 1979, and an addition to tax under section 6654 for 1980. Rule 142(a). On brief, petitioner suggests that he is entitled to deductions not allowed by respondent. Petitioner did not claim any deductions. Petitioner did not offer evidence regarding any deductions, except for some slight evidence as to dependency deductions which respondent had already allowed in the notice of deficiency. All the evidence in the record tends to support *275 all of respondent's determinations in the notice of deficiency. We hold for respondent on these issues. * * * We note that, if petitioner had filed a proper joint tax return with his wife for 1979, then his tax liability would have been at least $300 less (because of the joint return tax rates under sec. 1(a)) and he would have been refunded about half of the income tax that has already been withheld from his wages. His determination that "the rules and regulations do not apply" to him has cost him for 1979, and has cost him considerably more for 1980. Persistence in this approach is likely to be considerably more costly. See section 6673. Decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. ↩
2. Of these amounts, self-employment taxes under chapter 2 are as follows: 1979--$79, and 1980--$36. The remaining amounts are chapter 1 income taxes.
3. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.* * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
4. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. ↩
5. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice and Procedure.↩
6. T.C. Memo. 1970-274↩.
7. T.C Memo. 1966-81↩.