THOMAS L. NEWMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Newman v. Commissioner
Docket No. 26571-82.
United States Tax Court
T.C. Memo 1984-416; 1984 Tax Ct. Memo LEXIS 261; 48 T.C.M. (CCH) 781; T.C.M. (RIA) 84416; August 6, 1984. *261 Petitioner earned income as an employee for each of the years in issue. He understood his obligations to pay income taxes, to be subjected to withholding, and to file tax returns. The Form 1040 he sent to respondent for one of the years did not constitute a tax return. He filed a false Form W-4 with his employer. Held: (1) Addition to tax under section 6653(b), I.R.C. 1954 (fraud), is imposed for each of the years in issue. (2) Amounts of deficiencies are determined. (3) Addition to tax under section 6654, I.R.C. 1954 (underpayment of estimated tax), is determined for 1980. Thomas L. Newman, pro se. James M. Klein, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b)[1] (fraud) and 6654 (underpayment of estimated tax), as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1979
$5,208
$2,604
1980
7,550
3,775
$483
The issues for decision are as follows: (1) Whether petitioner is liable for an addition *262 to tax under section 6653(b) for each of the years in issue; (2) What is the amount, if any, of petitioner's deficiency for each of the years in issue; and (3) Whether petitioner is liable for an addition to tax under section 6654 for 1980. FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Milwaukee, Wisconsin. For 1977, petitioner and his wife filed a joint income tax return showing wages income of $9,985, adjusted gross income of $9,021, "tax table" income of $9,021, income tax liability of $443, and income tax withheld of $980.10. For 1978, petitioner and his wife filed a joint income tax return showing wages income of $16,132, adjusted gross income of $14,768, "tax table" income of $14,768, income tax liability of $1,335, and income tax withheld of $1,744.77. For each of the years 1977 and 1978, the wages income was, in its entirety, petitioner's wages earned as an electrical engineer, and was in the sum of the amounts shown on Forms W-2 from his employers, which Forms W-2 were attached to the income tax return. For *263 each of the years, petitioner and his wife reported a loss from the rental of a house, and claimed dependency deductions for dependent children who lived with them (one for 1977, two for 1978). Petitioner and his wife did not claim excess itemized deductions for either year. During 1979 and 1980, petitioner was employed as an electrical engineer, [2] and received compensation from his employers, as indicated in table 1. Table 1 Year
Employer
Compensation
1979
Allen-Bradley Co.
$ 7,750.77
Siemens-Allis, Inc.
11,217.59
Total
$18,968.36
1980
Allen-Bradley Co.
$20,938.38
On April 7, 1980, petitioner filed a Form W-4, signed by him under penalties of perjury, with Allen-Bradley Co. On this Form W-4, petitioner stated (1) that he did not owe any income tax for "last year" and had a right to a refund of all income tax withheld, and (2) that for "this year" he did not expect to owe any income tax and he did expect to have a right to a refund of all income tax withheld. Siemens-Allis, Inc., withheld $1,394.99 Federal income tax from petitioner's wages in 1979. Allen-Bradley Co. did not withhold any Federal income tax *264 from petitioner's wages in 1979 and 1980. On or about April 15, 1980, petitioner and his wife sent to respondent a Form 1040 for 1979 on which appear petitioner's and his wife's names, address, and taxpayer identification numbers. On this form, petitioner and his wife claim married filing joint return status, but they do not claim any number of personal exemption and do not claim anyone as a dependent. They claim to have paid $1,394.99 in Federal income tax withheld and $2,277.98 in excess FICA tax withheld and they claim a refund for the sum of these items, $3,672.97. On the Form 1040, the word "NONE" appears on six lines and "* *" appears on 45 lines, including the lines for wages, business income, rents, adjusted gross income, and tax. The "* *" is explained by reference to the Fourth or Fifth Amendment to the United States Constitution. The Form 1040 is signed under penalties of perjury by both petitioner and his wife. Attached to the Form 1040 are documents in which petitioner and his wife claim to resign from the Social Security program, as well as a document purportedly revoking petitioner's Federal income tax returns for 1976 through 1978. During 1979 and 1980, petitioner *265 received rental receipts from certain real property in Milwaukee. In the notice of deficiency, respondent determined that petitioner received $2,253 and $5,390 income from this source in 1979 and 1980, respectively. Petitioner failed to keep records of his rental receipts for 1979 and 1980. Petitioner kept records of some of his rental expenses for these years, but did not present them to respondent and did not present them to the Court. In 1979 and 1980, petitioner was married; petitioner provided all the support for his wife and their two minor children for each of these years. For each of these years, petitioner's wife did not have gross income. Petitioner did not file Federal individual income tax returns for 1979 and 1980. * * * For each of the years 1979 and 1980, petitioner had an underpayment of income tax required to be shown on his tax return and some part of this underpayment for each such year was due to fraud. OPINION I. Fraud
Respondent maintains that, for each of the years in issue, petitioner had an underpayment of income tax and that all or part of each year's underpayment was due to fraud. Petitioner makes a number of arguments relating to respondent's jurisdiction *266 over him and "the illegalities of the money system with which the United States is operating under." He concludes, "I deny all the frivolous accusations by Respondent in his opening statement." [3]
We agree with respondent. When he seeks to impose the addition to tax under section 6653(b), [4] respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [5] *267 Rule 142(b); [6] e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [7]Mensik v. Commissioner,328 F.2d 147 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [8]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). *268 This intent may be inferred from circumstantial evidence.Powell v. Granquist, 252 at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 (1978); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d at 303; Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). In carrying his burden, respondent has not relied on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiencies (e.g., Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982), and cases there cited). Rather, respondent presented persuasive evidence as to petitioner's wage income. This income is more than sufficient to result in a deficiency for each year, even if other matters were to be resolved in favor of petitioner. Accordingly, we conclude (and we have found) that respondent has carried his burden of proving, by *269 clear and convincing evidence, that for each of the years 1979 and 1980, petitioner had an underpayment of income tax required to be shown on his tax return. In determining whether any part of each of these underpayments is due to fraud, we note the following: (1) Petitioner understood his obligation to file tax returns and pay income taxes, as shown by his filing of tax returns and payment of withheld income taxes for 1977 and 1978, when his income was less than it was for either of the years in issue. (2) Petitioner failed to file income tax returns for each of the years in issue. The Form 1040 that petitioner sent to respondent for 1979 does not have information from which petitioner's income tax can be calculated; it does not constitute an income tax return. Reiff v. Commissioner,77 T.C. 1169, 1177-1179 (1981). In addition, this Form 1040 did not give respondent any indication as to where he could search for the necessary information. (3) Petitioner filed a Form W-4 with his employer, claiming that he was exempt from income tax withholding. The steps petitioner took to stop the payment of income taxes through the withholding system, together with his failure to file income tax *270 returns, enabled petitioner to avoid the payment of the income taxes that he understood he was obligated to pay. (4) Petitioner's education level and the nature of his employment convince us that petitioner's actions with regard to his tax liabilities were purposeful, and not inadvertent. The false Form W-4 is most significant. Habersham-Bey v. Commissioner,supra. The foregoing combination of elements persuades us that respondent has carried his high burden of proof in the instant case. We conclude (and we have found) that some part of petitioner's underpayment for each of the years in issue was due to fraud. See Rowlee v. Commissioner,80 T.C. 1111, 1123-1126 (1983); Habersham-Bey v. Commissioner,78 T.C. at 312-314. Petitioner's arguments, to the extent he has articulated them in any understandable way, are unavailing. Compensation for services is income, taxable under the Internal Revenue Code. Commissioner v. Duberstein,363 U.S. 278 (1960); Rowlee v. Commissioner,80 T.C. at 1119-1122; Reiff v. Commissioner,77 T.C. at 1173. Federal Reserve Notes are money, generally taken into account at face value. Birkenstock v. Commissioner,646 F.2d 1185 (CA7 1981), affg. a Memorandum *271 Opinion of this Court; [9]Hellermann v. Commissioner,77 T.C. 1361 (1981). See also generally McCoy v. Commissioner,696 F.2d 1234 (CA9 1983), affg. 76 T.C. 1027 (1981). We hold for respondent on this issue. II. Deficiencies
Petitioner bears the burden of proof as to the amounts of the deficiencies placed in dispute. Rule 142(a). Petitioner and his wife presented some relevant testimony regarding petitioner's income tax liabilities. The Court held the record open to permit petitioner to submit certain evidence regarding real property tax payments, real estate tax payments, and a dependency exemption. No such evidence was presented. Especially in light of petitioner's failure to present to the Court evidence to bolster his and his wife's conclusory testimony, we conclude that with one exception, petitioner has failed to persuade us of any error in respondent's determination as to the deficiencies. At trial, petitioner complained that respondent's agent did not allow for deductions for "as many items as she could have included, such as the interest, such as the property tax receipts". It is petitioner who has the burden of proof and it is petitioner who failed *272 to carry this burden. Respondent's agent, who did not have the obligation to justify the notice of deficiency in this regard, was nevertheless led by petitioner to a satisfactory explanation of what went into the decisions made with respect to the notice of deficiency. In one respect alone, did petitioner persuade us that respondent erred in the notice of deficiency. Under sections 151(b) and 151(e), petitioner is entitled to personal exemption deductions for his wife and two children, as well as for himself, for each of years in issue. Petitioner testified as to a third child, Rebecca, having been born on December 27, or December 29, 1979. At that point in the trial, the Court directed that the record be held open for 30 days for petitioner to produce a birth certificate for Rebecca. At the end of the trial, the Court again stated that the record was being held open for 30 days for petitioner to produce certain items of evidence, among them, "a copy of the birth certificate of Rebecca." Petitioner failed to produce any such evidence.Petitioner did not indicate that there would be any difficulty in securing the evidence. Petitioner's failure to provide this elementary corroboration, *273 together with his failure to explain the absence of the certificate, causes us to conclude that he has failed to persuade us that he is entitled to any personal exemptions in excess of the four that we have determined to allow. We hold for respondent on this issue, except as to personal exemptions, as described above. III. Underpayment of Estimated Tax
Petitioner has the burden of proving error in respondent's determination that an addition to tax should be imposed under section 6654 for 1980. Hollman v. Commissioner,38 T.C. 251, 263 (1962). Petitioner has failed to introduce any evidence indicating that respondent so erred (except to the extent that our conclusion as to personal exemption deductions affects the amount of the addition to tax). We conclude that petitioner is liable for an addition to tax under section 6654. We hold for respondent on this issue. Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. Petitioner had received a Bachelor of Science degree from Marquette University in 1976.↩
3. Petitioner has not chosen to favor us with briefs; we gather his position from his opening statement and various comments made by him at trial.↩
4. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
5. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. ↩
6. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice and Procedure.↩
7. T.C. Memo. 1970-274↩.
8. T.C. Memo. 1966-81↩.
9. T.C. Memo. 1979-201↩.