RONALD J. BRIDICKAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bridickas v. Commissioner
Docket No. 4213-83.
United States Tax Court
T.C. Memo 1985-47; 1985 Tax Ct. Memo LEXIS 584; 49 T.C.M. (CCH) 624; T.C.M. (RIA) 85047; January 30, 1985
Ronald J. Bridickas, pro se. Steven Roth and Steve Mather, for the respondent. BUCKLEY
*624 MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to Rules 180, 181 and 182 of the Tax Court *585 Rules of Practice and Procedure.[1] Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1980 in the *2 amount of $4,366.38, together with additions to tax under the provisions of sections 6651(a), 6653(a) and 6654(a) in the amounts of $1,091.59, $218.32 and $279.44, respectively. The deficiency is based upon respondent's determination that petitioner had unreported income for 1980 in the amount of $21,557 and that he filed no income tax return for that year. In the petition herein it was simply alleged "Petitioner received no income for the year 1980." Respondent, by amended answer, alleged that petitioner's unreported income was $29,514.99 and that petitioner's deficiency in income tax was $7,322.85, together with additions to tax under sections 6651(a), 6653(a) and 6654(a) in the amounts of $1,613.89, $366.14 and $399.28, respectively. Petitioner was a resident of Mission Viejo, California, at the time he filed his petition herein. This matter was originally *586 consolidated for trial, briefing and opinion with another case filed by the same petitioner for a different year in docket number 29694-83, but was subsequently severed and the petition in docket 29694-83 was dismissed for petitioner's failure to prosecute properly. The deficiency notice was based upon unreported income of $21,557 as follows: Mission Auto Body
$8,677
Saddleback Valley Imports
5,483
Quality Auto Frame
4,153
Connell Chevrolet
3,002
Bank of America (interest)
242
*3 Except for the income received from the Bank of America, all of the unreported income was received from employers. Petitioner refused to stipulate that he had received these or any other amounts of income during 1980. He was repeatedly advised by the Court that he bore the burden of proving that the deficiency determination was incorrect, Rule 142(a), but refused to place into evidence anything other than his bold assertion that the deficiency notice was incorrect. Petitioner's only statement in this regard at the trial herein was: I worked with people in 1980, and in '81 as I did prior. From these people I received property in the form of monies for exchange for the *587 property of my labor. Respondent bore the burden under Rule 142(a) of proving that petitioner received the additional unreported income set forth in his amended answer. We find that the correct amount of income received by petitioner in 1980 from his employers totaled $29,274.69, which together with the interest from the Bank of America, represented $29,516.69 [2] in unreported income received by petitioner during 1980. *4 Petitioner in his trial brief contended that the Special Trial Judge hearing this matter was functioning without any judicial authority, that the Tax Court was not a court of the United States, that its officers had no judicial powers, and that it lacked jurisdiction to decide *588 this matter. Suffice it to say that in this respect, as with almost every other contention of petitioner, he is wrong. As we stated in McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F. 2d 1234 (9th Cir. 1983): The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. The constitutionality of the Court has been upheld repeatedly on the basis of congressional authority to create specialized courts under Article I of the Constitution. See Rowlee v. Commissioner,80 T.C. 1111 (1983), and the numerous cases cited therein. The Special Trial Judge, appointed under the provisions of section 7456(c), and assigned by the Chief Judge to hear and decide this case under the provisions of section 7456(d), has all judicial authority necessary to render a decision in this matter. The Court on several occasions advised petitioner that he bore the burden of proving that the deficiency determination was incorrect *589 and that respondent bore the burden of proving the correctness of the allegations of additional deficiencies stated in the amendment to the answer. Nevertheless, petitioner chose *5 to rely upon frivolous long rejected tax protester-type arguments, see Rowlee v. Commissioner,supra, refused to enter into the stipulation process as required by our Rule 91, and refused to present any evidence in this matter. Petitioner's main interest, during the course of the hearings herein, appeared to be to delay the processes of this Court by argumentative irrelevant dialogue, demanding to meet his "accuser," complaining because the Court did not rule on his two dockets at the same time, and refusing to present evidence. Therefore, the petition filed herein is dismissed for want of proper prosecution, and a decision will be entered in favor of respondent in the amount of the deficiency and additions to tax set forth in his amended answer. The behavior of this petitioner at both the calendar call and at the hearing of this matter makes it obvious that he filed his petition in this Court primarily for purposes of delaying the payment of his income tax for the year *590 1980. Section 6673 provides that in such an instance "damages in any amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision." We therefore award damages in the amount of $5,000 to the United States. Decision will be entered for the respondent.
Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure.Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Respondent in his amended answer alleged that the total unreported income was $29,514.99, but the amount which he proved at trial was $29,516.69. The discrepancy of $1.70 is not explained. The income received from employment was as follows: Mission Auto Body
$14,925.49
Saddleback Valley Imports
5,483.50
Quality Auto Frame
5,862.50
Connell Chevrolet
3,003.20
In addition, petitioner received $242 in unreported interest from the Bank of America.↩