MYRON F. BURT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent
Burt v. Commissioner
Docket No. 3006-83.
United States Tax Court
T.C. Memo 1985-71; 1985 Tax Ct. Memo LEXIS 557; 49 T.C.M. (CCH) 768; T.C.M. (RIA) 85071; February 20, 1985. Ronald M. Rosen, for the respondent. BUCKLEY MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 and Rules 180 and *558 181. [1] This case is before us on respondent's oral motion to dismiss for want of proper prosecution and to impose damages. The motion is granted. Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $3,018, together with additions to tax under sections 6651(a), 6653(a) and 6654(a), in the amounts of $754.50, $150.90 and $193.15, respectively. The deficiencies were based upon a failure to file a tax return for that year and the failure to report income in the amount of $17,391. Petitioner timely filed a petition with this Court in which he alleged that he was a resident of Wrightwood, California. The petition was of a tax-protester nature, one of but several hundred substantially similar petitions filed by individuals in southern California. [2] It is alleged that respondent bore the burden of proving the allegations in the deficiency notice; that petitioner was not required to file a return or pay a tax under the Internal Revenue Code; that petitioner *559 received nothing of tangible value that qualified as income and he enjoys no grant of privilege or franchise; that petitioner was not in receipt of either gain or profit; that petitioner did not volunteer to self-assess himself; and that the income tax system is based on voluntary compliance and petitioner did not volunteer. Petitioner filed a request for a jury trial which was denied. He filed a motion for summary judgment which was denied and a motion for a more definite statement which was similarly denied. Respondent moved for leave to file an amendment to his answer which was granted. The amendment to answer alleged that petitioner's unreported income for the year 1980 was $24,667.14 rather than the lesser amount set forth in the deficiency *560 notice. The amendment further alleged that petitioner's income tax deficiency for 1980 was $5,432.18, together with additions to tax under section 6651(a) of $1,358.05, under section 6653(a) of $271.61 and under section 6654(a) of $347.66. Petitioner failed to respond to the call of the calendar on August 27, 1984. At that time respondent presented evidence, and we so hold, that petitioner received the following income from wages during 1980: Reynolds Electrical
$ 7,276
Kaiser Steel
228
Reliance Fabricators
2,277
Bragg Crane Service
13,337
B & H Erectors
1,550
Total
$24,668
A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a). As to the increases in deficiency for the year 1980, however, Rule 142(a) places the burden of proof upon respondent. We hold that respondent has borne his burden of proving the additional deficiency. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute his case or to offer evidence *561 in regard to it. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE. * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal of for determination of the affected issue against that party. The allegations of petitioner in his petitions and motions for summary judgment are so frivolous and groundless as not to warrant any extended discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). We would be doing a disservice to those petitioners *562 who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). In any event, petitioner, by failing to appear to present evidence and by failing otherwise properly to prosecute this matter, has made himself subject to dismissal under Rules 123 and 149. We hold that there is a deficiency in petitioner's Federal income tax in the amount of $5,432.18 and that there are additions to tax under sections 6651(a), 6653(a) and 6654(a) in the amounts of $1,358.05, $271.61 and $347.66, respectively. We turn now to respondent's motion for an award of damages under the provisions of section 6673. That section states that this Court shall impose damages up to $5,000 when proceedings have been instituted or maintained primarily for delay or where the petition is frivolous or groundless. We believe petitioner filed his petition herein primarily for delay. The petition is frivolous and groundless. Damages in the amount of $4,500 are awarded to the United States. An appropriate order *563 and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rules references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Raccio v. Commissioner,T.C. Memo. 1984-125; Gabaldon v. Commissioner,T.C. Memo. 1984-107; Africa v. Commissioner.T.C. Memo. 1984-95; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Ross v. Commissioner,T.C. Memo. 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576↩.