842 F.2d 335
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 James ROCHOWICZ and Maria Rochowicz, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 87-7300, 87-7306.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1988.
Decided March 9, 1988.
 Before HUG, ALARCON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Taxpayers appeal the dismissal of their petitions for redetermination of deficiencies assessed for the tax years 1980-1983. We consider whether the tax court abused its discretion in dismissing the petitions. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985); McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir.1983).
 
 
 3
 Tax Court Rule 149(a) provides that "[t]he unexcused absence of a party ... when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute...." The tax court dismissed appellants' petitions for failure to prosecute after appellants failed to appear at trial on February 25, 1987. The court noted that this was but the latest instance in a long chain of "dilatory actions by the petitioner throughout the entire record of the case," and that the parties had previously been warned that "no further continuances will be allowed." Order of June 15, 1987, at 2 (No. 87-7300, CR 36; No. 87-7306, CR 42). The court determined "[a]fter very careful review of the file and the record" that appellants' consistent failure "to appear at Court with the papers and documents which will substantiate their claims" justified dismissal. Id. at 3.
 
 
 4
 Appellants contend that Mr. Rochowicz's absence at trial should have been excused because he had a valid medical excuse for his failure to appear. They rely on a note from a Dr. Subbia dated February 24, 1987, advising Mr. Rochowicz to rest due to severe pain in his knee. They claim that Mr. Rochowicz's secretary notified the court of the illness on the day before trial and was told that he would be granted a continuance if he sent a doctor's certificate to the court. Appellants contend that they complied with this condition by sending the doctor's note to the court by "overnight Federal Express" on February 24, 1987.
 
 
 5
 Appellants can point to no evidence in the record to support their contention that they were told a physician's certificate would suffice to obtain yet another continuance. Moreover, there is no evidence that Dr. Subbia's note was sent or received before the trial date; the record reflects only that a copy of the note was included with appellant's motion for a continuance filed several days after the February 25, 1987, trial date.
 
 
 6
 The appellants' absence at trial was, therefore, unexcused. See Tax Ct.R. 149(a). Particularly in light of appellants' long history of delay, the tax court did not abuse its discretion in dismissing the appellants' petitions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3