**Robert LEE, Jr., Petitioner—Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 02–72171.

Tax Court No. 6655–00.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Robert Lee, Jr. appeals pro se the tax court's decision upholding the Commission-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

er of Internal Revenue's determination of federal income tax deficiencies for the years 1995, 1996, 1997 and 1998. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review de novo the tax court's conclusions of law, and its findings of fact for clear error. *DHL Corp. v. Comm'r*, 285 F.3d 1210, 1216 (9th Cir.2002). We affirm.

The tax court did not err in upholding the Commissioner's deficiency assessments. Although the Commissioner proffered numerous documents evincing Lee's income during the years in question, Lee's sole evidence was his bare denial of receipt of income and his objection to the Commissioner's evidence on Fifth Amendment grounds. Under these circumstances, the tax court properly found that the Commissioner had established that Lee had received the income assessed. *See United States v. Rylander*, 460 U.S. 752, 758, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983) (noting that assertion of Fifth Amendment privilege is not "a substitute for evidence that would assist in meeting a burden of production").

Lee contends that the tax court erred by admitting third party records that were hearsay and lacked authentication. We review for abuse of discretion the tax court's evidentiary rulings. *Hudspeth v. Comm'r*, 914 F.2d 1207, 1213 (9th Cir. 1990).

The tax court properly applied Tax Court Rule 91(f) and properly determined that the third party records were self-authenticating, *see* Fed.R.Evid. 902(1), and exempted from the hearsay rule, *see* Fed. R.Evid. 803(10); *United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir.1980). The tax court also properly determined that these rulings did not present a real and appreciable danger of self-incrimination to Lee,

*see McCoy v. Comm'r*, 696 F.2d 1234, 1236 (9th Cir.1983), or violate Lee's Sixth Amendment right to confrontation of witnesses, *see Neff*, 615 F.2d at 1241–1242 (holding that admission of documents under Rule 803(10) does not violate right to confrontation).

**AFFIRMED.**