VINCE FLAHERTY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flaherty v. Comm'r
Docket No. 5903-09L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 67; 2013-2 U.S. Tax Cas. (CCH) P50,395; February 4, 2011, Decided
*67 Robert A. Wherry, Jr., Judge.
Robert A. Wherry, Jr.
ORDER OF DISMISSAL AND DECISION
The history of this case begins on October 19, 2007, when respondent received petitioner's, apparently timely mailed, 2006 income tax return. This return reflected gross income in excess of $3 million, taxable income of $2,923,771, and tax due of $1,094,086. Petitioner did not include any payment of tax due with his 2006 income tax return and has made no payments nor apparently filed any more income tax returns since then. Respondent then assessed the tax reported as due on petitioner's 2006 income tax return and mailed a notice of tax due to petitioner. Following a notice of levy and petitioner's right to a collection due process appeals office hearing, and the completion of that hearing, oh January 29, 2009, respondent issued to petitioner a notice of determination sustaining levy action with regards to petitioner's 2006 taxable year. Petitioner filed a petition with this Court on March 11, 2009, challenging respondent's determination and a request for place of trial in Los Angeles, California. The case was set for trial at the Court's trial session in Los Angeles, California, commencing on March 15, *68 2010.
On October 30, 2009, respondent filed a motion for summary judgement. On December 3, 2009, in response to a Court order, petitioner filed an objection to respondent's motion for summary judgement as well as a motion for leave to file an amended objection to respondent's motion for summary judgement. On December 11, 2009, the Court granted petitioner's motion and gave him until December 21, 2009, to file a supplement to his objection to respondent's motion for summary judgement.
Petitioner did not file a supplement to his objection to respondent's motion for summary judgement by the extension date granted by the Court. Instead, on January 8, 2010, petitioner filed a motion for extension of time in which to object to respondent's motion for summary judgement. Petitioner claimed he was "presently belabored with a heavy workload" and "sandbagged with several matters at once". On January 15, 2010, the Court granted petitioner's motion extending the time with which he could file a supplement to his objection to respondent's motion for summary judgement to February 1, 2010. On February 4, 2010, petitioner filed his supplement to his objection to respondent's motion for summary judgement. *69 On March 10, 2010, the Court denied respondent's motion for summary judgement.
On March 15, 2010, a hearing was held in Los Angeles, California, during which the parties filed a joint motion for continuance of trial. Respondent agreed to the joint motion for continuance of trial because he was satisfied petitioner was facing concurrent legal proceedings in other venues and therefore, was unable to prepare his case for trial. The Court granted the parties' joint motion for continuance. The case was then set for trial at the Court's trial session commencing September 13, 2010, in Los Angeles, California.
On June 30, 2010, respondent filed a request for admissions. On August 16, 2010, the Court vacated the deemed admissions and allowed petitioner to file a response to respondent's request for admissions.
On August 30, 2010, respondent filed his pre-trial memorandum and petitioner filed a motion for continuance of trial. On September 2, 2010, respondent filed an objection to petitioner's August 30, 2010, motion for continuance of trial. On September 3, 2010, the Court ordered that petitioner's motion for continuance of trial was set for a hearing on September 13, 2010.
A hearing was held in *70 front of the Court on September 13, 2010, at which time petitioner filed an amended motion for continuance of trial, a motion to compel, and a motion to compel production of documents. The Court granted petitioner's motion for continuance of trial and shortly thereafter on October 26, 2010, ordered that the case be rescheduled for the Court's trial session commencing on December 13, 2010, in Los Angeles, California.[1] *71 The Court denied petitioner's motion to compel as moot and ordered respondent to respond to petitioner's motion to compel production of documents by November 5, 2010. Respondent replied to petitioner's motion to compel production of documents on November 8, 2010. The Court denied petitioner's motion to compel production of documents on November 16, 2010.
On September 27, 2010, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the issue of the filing of notice of federal tax lien. On October 28, 2010, the Court ordered petitioner to file any response to respondent's motion by November 15, 2010. On November 19, 2010, petitioner filed a request for an extension of time to respond to respondent's motion to dismiss for lack of jurisdiction and to strike *72 as to the issue of the filing of the notice of federal tax lien. On November 26, 2010, the Court denied petitioner's request for additional time to respond to respondent's September 27, 2010, motion and granted respondent's motion to dismiss with regards to the lien action for petitioner's 2006 tax year.
On November 5, 2010, respondent filed a motion to set a time and date certain for trial requesting a trial date of either Tuesday December 14, 2010, or Wednesday December 15, 2010. Respondent asserted that he expected to call several witnesses and anticipated that trial time would take approximately five to seven hours. On November 8, 2010, the Court ordered petitioner to respond to respondent's motion to set time and date certain for trial by November 17, 2010. On November 22, 2010, petitioner filed a motion and request for additional time to respond to respondent's motion to set time and date certain. On November 23, 2010, the Court held a telephone conference with the parties to discuss that issue and the then pending respondent's September 27, 2010, motion and petitioner's then pending November 19, 2010, motion discussed above. At the start of the conference call, petitioner asked *73 for yet another continuance of his trial and respondent objected. The Court advised both parties that absent an unforeseen emergency justifying a continuance there would be no more continuances. The Court then asked petitioner on which day he would prefer to try his case. Petitioner selected December 14, 2010, and all parties orally agreed the trial would be on that date at a time certain of 9:00 A.M. P.S.T. Following up on the conference call on November 24, 2010, the Court issued its written order denying petitioner's request for an extension of time to respond to respondent's motion to set time and date certain and set the trial for 9:00 A.M., on December 14, 2010.
On December 14, 2010, the case was recalled from the calendar for the trial session. There was no appearance by or on behalf of petitioner. Counsel for respondent appeared and advised the Court he had spoken with petitioner the previous night and was told that petitioner had a conflict with another court and would probably not appear. Respondent provided the Court with a faxed copy of a renewed request by petitioner for a continuance of his trial. The Court does not accept faxed filings under its Rules of Practice and *74 Procedure. Respondent made an oral motion to dismiss the case for lack of prosecution. The Court ordered the case calendared for a hearing on respondent's oral motion to dismiss the case for lack of prosecution at 9:00 A.M., on December 16, 2010. Both respondent and the Court clerk were instructed to contact petitioner and advise him of the hearing and that it was reflected in the record that his case may be dismissed for failure to prosecute.[2]
On December 16, 2010, there was again no appearance by or on behalf of petitioner. At that time, respondent filed with the Court a written motion to dismiss this case for lack of prosecution. On December 16, 2010, after the Court had finished its session for the day, petitioner filed a response to respondent's motion to dismiss for lack of prosecution, as well as a motion for reconsideration and a request for a continuance of trial. Respondent responded to these documents on January 19 and 24, 2011, respectively.
Rule 123(b) *75 provides in pertinent part: "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner."[3]This Court has discretion to dismiss a case at any time and to enter judgment against a taxpayer who fails properly to prosecute, to comply with a court order to produce documents, or to comply with any other court order. (citing Rule 123(a); McCoy v. Commissioner, 696 F.2d 1234, 1236 (9th Cir. 1983), affg. 76 T.C. 1027 (1981)); Edelson v. Commissioner, 829 F.2d 828 (9th Cir. 1987).
Respondent's motion to dismiss for lack of prosecution states that respondent "has expended substantial resources in the defense of this case. Respondent's counsel has diligently prepared for trial in the development, organization and presentation of evidence and witnesses." Unlike respondent's efforts, respondent asserts *76 that petitioner has "consistently and continually attempted to delay almost every aspect of this case."
In opposition to respondent's motion to dismiss for lack of jurisdiction, petitioner states that he has "been almost completely consumed by hotly contested lawsuits with Bank of America and Wells Fargo Bank". He claims that his other proceedings provided adequate justification for his absence from both trial sessions, as well as his multiple requests for a continuance of trial. While the Court is sympathetic to petitioner's situation regarding his concurrent obligations, the Court has been more than patient with petitioner. His delay tactics are not acceptable. The Court cautions petitioner that should he in substance bring or present any future tax case, in this Court, primarily for delay, he may, pursuant to section 6673, be liable for a penalty of up to $25,000.
First, the Court questions how petitioner has the time and resources to file and draft numerous motions for continuances and extensions in this case, yet, he cannot seem to find the time to prepare for trial. We have provided petitioner ample opportunity, in the way of nine extra months, to prepare his case for trial. Based *77 on petitioner's track record, the Court has no reason to believe that petitioner will use any additional extension of time to efficiently or effectively prepare for trial.
Second, petitioner claims that in September and in December he had concurrent hearings and a trustee's sale on December 14 and 16, 2010, and therefore was unable to try his case on any of the 10 days of his two trial sessions and unable to attend the December trial session. The Court reminds petitioner that it is a traveling venue and conducts trial in the Los Angeles area on a very limited basis. Further, petitioner was made aware as early as September 2010, that his case would be heard at a trial session prior to, or at the Court's trial session commencing on December 13, 2010, in Los Angeles, California. Given the limited availability of the Court and the aforementioned notice provided to petitioner, it was unacceptable for him, under the circumstances, not to make an appearance or cause someone admitted to the practice before the Court to appear for him at the December 2010 trial session.
The tax respondent seeks to collect is the tax reflected on petitioner's own tax return. Petitioner has not to date taken any *78 meaningful action to show such tax is incorrect. Petitioner was requested, by respondent, to file an amended tax return if in fact his initial tax return was incorrect so that any differences could be identified and considered by respondent. Petitioner has not done this. Even if petitioner had appeared for trial, he has admitted in his motion for continuance that he was not prepared to produce evidence or to try his case, meaning he once again would have been wasting both the Court's and respondent's time and resources.
The Court has repeatedly continued and postponed this case at petitioner's request, yet after invoking our jurisdiction he has failed to fulfill his concurrent obligation to prosecute and resolve this matter in a timely and efficient manner. The Court has considered lesser sanctions and has determined they would be inappropriate and insufficient. Upon due consideration, and for the reasons set forth herein and in the December 14 and 16 transcripts and for cause, it is hereby
ORDERED that respondent's motion to dismiss for lack of prosecution is granted, and this case is dismissed for lack of prosecution. It is further
ORDERED that petitioner's motion for reconsideration *79 filed December 16, 2010, is denied. It is further
ORDERED that petitioner's request for a continuance of trial filed December 16, 2010, is denied. It is further
ORDERED and DECIDED that the determination by respondent, as set forth in the Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated January 29, 2009, is sustained.
/s/ Robert A. Wherry, Jr.
Judge
ENTERED: FEB - 4 2011
Footnotes
1. At the hearing on Sep. 13, petitioner indicated that he was "unprepared [to try his case] because of this [sic] discovery coming up so late." Specifically, petitioner requested additional time in order to subpoena a witness by the name of "Marge, the secretary" that he claimed he would be "disadvantaged" if he was not able to call at trial. He indicated to the Court that he had "just learned her name last night." Additionally, petitioner claimed he was dealing with three other cases at the same time as the one pending before this Court that further disadvantaged his ability to prepare for trial. Because of these reasons, the Court agreed to continue the case to its "December calendar or some calendar in between to give the petitioner" a chance to subpoena his witness and deal with his other cases. At respondent's request, the Court indicated that it would try to "move the case to an earlier trial than [its] December calendar", but after considering the time petitioner required to subpoena his witness, the Court ordered the case set for trial at its trial session commencing on Dec. 13, 2010. There is no indication from the record that petitioner ever subpoenaed "Marge, the secretary".
2. Petitioner was previously warned both before the calendar call on Sep. 13 and Dec. 13, 2010, as well as in the notices of trial issued Oct. 15, 2009 and Apr. 13, 2010, that failure to appear at trial is grounds for dismissal.↩
3. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years at issue.↩