NANCY MISSETT, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOHN G. MISSETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Missett v. Commissioner
Docket Nos. 21832-84, 21991-84.
United States Tax Court
T.C. Memo 1985-42; 1985 Tax Ct. Memo LEXIS 589; 49 T.C.M. (CCH) 602; T.C.M. (RIA) 85042; January 28, 1985
Nancy Missett, pro se. John G. Missett, pro se. Eileen Kato Player, for the respondent. DRENNEN
*602 MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Fred R. Tansill pursuant to section 7456 of the Code and Rule 181. [1] The Court agrees with and adopts his opinion which is set forth below. *590 *2 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: These cases are before us on respondent's motion in each case to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 123(b). The motion in Nancy's case was filed on September 20, 1984 and that of John's case on September 25, 1984. Both motions were substantially the same. Nancy filed on objection in her case on October 12, 1984, and John filed an opposition in his case on October 26, 1984. Duplicate statutory notices of deficiency were mailed to each petitioner on April 12, 1984, in which respondent determined deficiencies and various additions to tax as to each petitioner as follows: Income Tax
Additions to Tax Pursuant to IRC of 1954
Year
Deficiency
§ 6651(a)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654
1979
$1,924
$431
$96
$70
1980
1,547
366
77
99
1981
2,024
495
101
50% of the
152
interest due
on $2,024
Respondent also requested the imposition of damages in favor of the United States in an appropriate amount under section 6673. The basic adjustment in each statutory notice is that each *591 petitioner (husband and wife residing in Benton City, Washington) received unreported community income in each of the taxable years as follows: 1979, $12,139; 1980, $10,707; and 1981, $12,582. [2] Neither petitioner filed tax returns for any of the three years *3 here under consideration. [3] Because substantially the same issues are involved in both cases, we have consolidated them on our own initiative only for consideration of the motions. Respondent's motions require us to focus attention on the petitions filed in each case. Timely separate petitions were filed on June 29, 1984 by each petitioner from Benton City, Washington. Without citation of authorities, a brief statement of the basic considerations involved may assist an understanding of the problems here. The filing of a petition in this Court serves two *592 purposes: (1) it confers jurisdiction and the statutory power on this Court to redetermine the deficiency determined by respondent in a statutory notice; and (2) it informs the Court of the issues presented as justiciable controversies to be redetermined. Normally, the issues presented grow out of the adjustments made by respondent in the statutory notice and petitioners' disagreement therewith. But a petitioner is not limited only to a challenge of respondent's adjustments; a petitioner may raise any factual or legal issue which affects the amount of the deficiency. Issues must be raised in the pleadings, i.e., the taxpayer's petition and respondent's answer. The answer frames *4 issues for the Court to decide by admitting or denying every error alleged or fact averred in a petition; only those denied in the answer require trial. Here, before filing an answer and conceding the jurisdictional point (point 1, above), respondent has effectively moved to dismiss the petitions alleging that they do not even rise to the level of a justiciable controversy, point 2, above. This threshold position forces us to examine the petitions with care to see if the minimum requirement *593 for petitions has been met, as set out in Rule 34. Of course, one of the ultimate issues always is the correctness of the deficiency. Paragraph three of each petition itemizes the deficiencies determined and aggregates the additions to tax (called penalties) and asserts generally that they all are in dispute. Paragraph four in Nancy's case also asserts the following errors. An agent of the Commissioner of Internal Revenue erred: by asserting that petitioner was required to file an income tax return, and by asserting that petitioner has any responsibility as to any funds earned and owned by any other individual; by trying to impose an illegal tax upon a sovereign individual; by becoming involved in a scheme wherein the payment of monies by the Department of Treasury to persons on its payroll who support and uphold the Communist Manifesto rather than the Constitution of the United States is an illegal use of stolen money and an act of treason; by claiming that petitioner is a slave with no rights who must labor for the proletariate (sic); by imagining that he is in any position to penalize anyone, and this Court, were it to condone such illegal aggression, would be committing conspiracy; *594 *5 any by ignoring the principles of the republican form of government which petitioner is guaranteed. Notably, there are no specific challenges to respondent's adjustments for unreported half of community income, failure to file returns and the various additions to tax. Paragraph five of Nancy's petition purports to allege facts upon which petitioner relies, none of which really address the additions to tax, failure to file returns and the failure to report half of community income. The allegations consist of a series of irrelevant statements such as the following: petitioner is not required to submit information except to satisfy the census provisions; petitioner is submitting individual income tax returns (not done) which clearly state all the information petitioner wishes to volunteer and objects to information which is privileged; to insinuate that an adult individual citizen is responsible for the acts of any other individual not under her legal custody is beyond comprehension and repugnant to the concept of freedom; the concept that in the United States the fruits of one's labor belong to the government unless one can prove otherwise, is unfathomable. There is also *595 a rambling reference to the "facts" that the government has received stolen goods, prefers the ideology of Karl Marx and believes it is right to enforce such beliefs on all others. It is further asserted that the Thirteenth Amendment abolished slavery and, therefore, citizens are not bound to labor *6 for the support of the rich and powerful and any ologarchy (sic) of world bankers. Reference is also made to the Fifth Amendment, including its due process provision, to the Seventh Amendment providing for trial by jury and that respondent's position is inconsistent with the Supreme Law of the Land.The petition concludes with a prayer which recommends that the Justice Department investigate respondent and the I.R.S. for treason and conspiracy to defraud the sovereign citizens of the United States. Already noted is the fact that Nancy filed an objection to respondent's motion. With that objection Nancy filed an attached memorandum of law. The latter document discloses that "tax returns" which had been attached to her petition, had been returned to her by the Clerk of this Court with the comment that "they are more in the nature of evidence which should be presented to the *596 Court at the time of trial of your case." It goes without saying that such returns cannot be "filed" with this Court and should be "filed" with respondent; in this instance what purport to be returns for the taxable years 1979, 1980 and 1981 are clearly untimely in any event. Nancy's memorandum of law asserts her belief that justice would be denied if respondent's motion is granted because there are involved questions of whether the interest of justice and equal treatment are being properly served in this instance. The memorandum then goes on to state: *7 The issues of this motion to be considered by this Court are not the issues of the case, but, rather, the issues of justice. That raises the question of law, and the issues of law are whether or not the Petitioner has the right to the full exercise of due process of law. This shows that Nancy is not purporting to deal with the issues raised by the statutory notice of deficiency, but rather seeks to expand this litigation to involve broad Constitutional questions of due process by petitioning the government for a redress of grievances and protection of individual liberties. The suggestion is that proceedings before *597 this Court are "arbitrary and unfair." Petitioner professes to want to submit evidence in her own behalf at a trial in this Court. Turning now to the petition filed by John, the alleged errors are set forth in paragraph four of his petition. Those errors are alleged to be the following. The abent of the Commissioner of Internal Revenue erred: by failing to consider the returns petitioner filed for 1979, 1980, 1981; by classifying petitioner's returns as invalid; by penalizing petitioner for claiming his Constitutional rights and by computing excessive taxes based on no deductions for travel, expenses and other deductions which were shown on past returns; by computing a direct tax upon petitioner not based upon a census of the United States or enumeration, in violation of Article I, Section 9, of the Constitution of the United States; by asserting that petitioner has the burden of proof, that the deficiency notice has the presumption of correctness and that petitioner must *8 either waive his rights or be penalized by higher taxes, penalties and interest, all in violation of the Constitution of the United States; by seeking to collect taxes without allowing petitioner a jury *598 trial in violation of his rights under the Seventh Amendment and by seeking to assess a tax on incomes, which apply solely to corporations, on petitioner, a sovereign individual; by using force through intimidation and threat of prosecution and taking property in order to obtain private, personal, privileged information in violation of the Fourth and Fifth Amendments of the United States Constitution; the Commissioner's agent has, in violation of his oath of office, taken part in an unconstitutional Marxist scheme to eat out the substance of America's middle class of which petitioner is a member; the Commissioner's agent, as a part of a Marxist conspiracy and in violation of his oath, seeks to unconstitutionally deprive petitioner of his property and use it for purposes not consistent with the Constitution of the United States and the laws of God, as stated in the Bible upon which the Constitution is based. The Commissioner's agent also erred by asserting that there has been an underpayment of tax and that the alleged underpayment is due to negligence or intentional disregard of rules and regulations under section 6653(a)(1) and (2); the Commissioner's agent also erred by stating *599 that there has been an underpayment of estimated tax in asserting an *9 addition under section 6654. Finally, the Commissioner's agent seeks to deprive petitioner of his First Amendment right to petition the government for a redress of grievances. Under paragraph five of the petition, John itemizes the following facts: Petitioner had filed Form 1040 tax returns for each of the years 1979, 1980, and 1981. Commissioner's agent erroneously asserted that petitioner did not file returns within the time prescribed by law, because such returns contained objections to providing information for certain questions contained therein. Without attempting to determine why the objections were made or obtaining any of the details surrounding the claim, respondent has made a blanket disallowance of all claims. The sole basis of respondent's action is that petitioner had claimed his rights. Respondent could have referred to petitioner's returns for prior years to compute a comparable tax amount rather than penalizing petitioner by computing the highest tax possible. Also, petitioner states that the tax contemplated by the deficiency notice is a direct tax in violation of Article I, Section *600 9 of the Constitution; the principle of due process, with the burden of proof on the one starting the cause of action in a fair and reasonable proceeding, has been violated by the advantages claimed by the Commissioner in this proceeding, which is a mockery of justice and a Marxist conspiracy to overthrow the republican form of government; and the Seventh Amendment of the Constitution provides that where the value in controversy exceeds *10 $20 the right to trial by jury shall be preserved. Petitioner asserts that he is a sovereign citizen of the United States and is the "sovereign" and not the government in this case. Petitioner as a sovereign individual is not subject to rules pertaining to corporations. Petitioner not being a slave of the state, enjoys the fruits of his own labor whereas under the Marxist ideology of respondent, the government has first claim. It is also asserted that the agent of respondent is operating in the wrong country, with tactics allowable in the USSR, not the USA. The Marxist plans of the bureaucracy to annihilate the middle class may be subscribed by the majority of citizens on the government payroll, but the right of the individual citizens *601 are, neverthrless, intact. Petitioner is guaranteed due process in a republican form of government as well as the rights contained in the Bill of Rights. It is also alleged that the government has promoted foreign wars; has subsidized communist governments by taking one person's property by force for the benefit of another; the imposition of government controls make it impossible for the middle class to conduct businesses; has subsidized a one world government; and a national banking scheme is accomplished from funds earned and loans stolen from America's middle class, contrary to the Constitution and the laws of God. Finally, it is asserted that taxes computed by respondent's agent are excessive, abusive and illegal and no rule or regulation is cited as having been disregarded. *11 The petition's concluding prayer ask that this Court determine that no deficiencies or additions exist for the taxable years and asks that appropriate action be taken against those government employees who violate their oaths and petitioner's rights and that the I.R.S. and its Tax Court be investigated to identify for prosecution those who may be guilty of treason. John's opposition to respondent's *602 motion is substantially the same as Nancy's objection discussed above and, therefore, it will not be discussed here at length. The foregoing summaries of the contents of the petitions filed by John and Nancy gives some flavor to the nature of the suits they propose. There is an absence of any facts to oppose respondent's claim that half of community income was not reported by either petitioner, that valid tax returns were not filed for the taxable years and reasonable cause for those failures is not even attempted. Petitioners misconceive the function and role of this Court in the judicial process. The start with, the Tax Court is not a court of wide judicial discretion, but rather is limited as defined by statutes of the Congress acting under the United States Constitution. That area specifically relates to adjudication of Federal civil income tax controversies, as defined and limited by the Congress. We exist under Article I of the Constitution and under that mandate and the statutes, have jurisdiction to determine certain tax controversies.Our *12 jurisdiction does not extend to criminal matters nor to anything other than Federal income, estate and gift taxes (and *603 some related adjunct matters). We do not have jurisdiction to determine whether a citizen's grievances against the government are justified and should be redressed. Without in any way denying petitioners their proper legal rights, we too have rights to insist upon procedures and pleadings in accordance with our clearly defined, but limited jurisdiction. Petitioners' pleadings do not allege any errors in respondent's determination of their tax liabilities. [4]
Furthermore, we do not perceive the egregious threats to personal liberty and freedom asserted by petitioners. Rather, we perceive an effort by petitioners to avoid the effect of the community *604 property law in the State of Washington wherein they reside. That precise matter was set to rest by the Supreme Court of the United States 54 years ago when in Poe v. Seaborn,282 U.S. 101 (1930), the Supreme Court stated "it is clear the wife has, in Washington, a vested property right in the community property, equal with that of her husband; and in the income of the community, including salaries or wages of either husband or *13 wife, or both." More recently, this principle was reaffirmed in United States v. Mitchell,403 U.S. 190 (1971). This is the root of the controversy in the present matters and it should not be obscured by all the attempts to raise spurious Constitutional issues. That petitioners have failed to articulate a valid claim against community property is obvious and, indeed, it is difficult to visualize how a valid claim could in fact be raised at this late date with respect to community property allocations in Washington. From all the foregoing, it is obvious that these are tax protester cases. Tax protesters, of course, are entitled to equal justice; but more to the point, the petitions fail to state any evidentiary *605 facts upon which any justiciable conclusions can be based.Essentially, the petitions contain simply a conglomeration of misguided Constitutional propositions, but no relevant facts. Being most charitable, even if it be deemed that there were appropriate assignments of error, no facts satisfying our Rule 34(b)(5) are found in either petition. Under these circumstances, we will comment briefly on some of the most obvious other inadequacies. It is clear that the burden of proof of matters asserted in a petition are placed upon the petitioner and this burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975). The Fifth Amendment due process claim must be *14 demonstrated to be a real and present danger of imminent judicial action which has not been done here; merely to raise the contention is not enough to avoid whatever tax liability may be appropriate. United States v. Rylander,460 U.S. 752 (1983). There has been no indication of any self-incrimination in the present case and it is apparently remote or unlikely. McCoy v. Commissioner,76 T.C. 1027 (1981), *606 affd. 696 F.2d 1234 (9th Cir. 1983). Rule 34(b) provides that issues in the notice, not raised by the petition, are to be deemed conceded. This rule applies here. In summary, it is obvious to the Court that the petitions in these cases were not filed to present justiciable issues for resolution, but rather were instituted primarily for delay. Nonfiling of returns for three years is effectively admitted. This triggers all of the various additions to tax set forth in the statutory notices. No reasonable cause for nonfiling has been advanced in either case. Respondent's motion to dismiss will be granted in each case. Because we are satisfied that these cases have been instituted primarily for delay and are, in addition, frivolous, damages of $2,500 are awarded to the United States under section 6673 in each case. An appropriate order and decision will be entered in each docket number.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. These amounts are half the community income as determined by respondent. ↩
3. Apparently, John filed Forms 1040 with respondent with no meaningful information thereon which respondent has not treated as returns; in Nancy's case, she attached purported returns to the petition which were refused filing and was returned to her by the Clerk of this Court.↩
4. Our Rules and the system of pleading in this Court require that every petition must state, at the threshold, the taxpayer's response to adjustments in the statutory notice of respondent. Rule 20(a). That notice has been analogized to a civil complaint in state courts (which commences the suit) while the petition is likened to an answer in such a suit which serves to frame the issues presented for our consideration. The present motions, therefore, effectively say that petitioners' pleadings do not even raise justiciable issues.↩