BARBARA MASTERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Masters v. Commissioner
Docket No. 32654-83.
United States Tax Court
T.C. Memo 1985-116; 1985 Tax Ct. Memo LEXIS 514; 49 T.C.M. (CCH) 961; T.C.M. (RIA) 85116; March 19, 1985. Barbara Masters, pro se. Marshall Taylor and Dennis L. Perez, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 *515 and Rules 180 and 181. [1] This petitioner is one of several hundred petitioners in California who have been flooding the dockets of this Court with frivolous and groundless petitions and she is one of many who have appeared before this Court with what seems to be a single purpose of consuming the time and energy of this Court with groundless arguments. [2]
Respondent determined that petitioner had a deficiency in her Federal income tax for 1981 in the amount of $2,040, together with additions to tax under the provisions of section 6651(a) of $508.25, under section 6653(a)(1) of $102, under section 6653(a)(2) of 50 percent of the interest due on $2,040, and under section 6654(a) of $154.37. Petitioner, a resident of Bellflower, California, at the time, timely filed her petition with this Court thereby invoking its jurisdiction. This matter was set for trial on September 4, 1984, at *516 which time petitioner filed with the Court her trial memorandum, the gist of which was that she was entitled to a trial by jury, that she does not receive income from her services since compensation for labor does not constitute income. The Court takes notice that prior to the call of the calendar, and while petitioner was physically present in the courtroom, the Court advised those present that the contentions being made by petitioner and others at the calendar call about their right to a trial by jury in this Court and in regard to compensation for services were frivolous and groundless. See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983); McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). At the time set for the trial herein, petitioner appeared but refused to go forward with her case. Our Rules provide for dismissal under these circumstances. Rule 123(b) provides that the Court may dismiss a case and enter a decision against the petitioner for the failure of a petitioner properly to prosecute. Petitioner has so failed. Additionally, Rule 149(b) provides that the failure to produce evidence, *517 in support of an issue of fact as to which a party has the burden of proof, may be ground for dismissal or for determination of the affected issue against that party. Petitioner has refused to produce any evidence herein. Petitioner complained that she was not allowed counsel of her choice, a person not a member of the bar of this Court. Rule 24(a)(4) provides: (4) Counsel Not Admitted to Practice: No entry of appearance by counsel not admitted to practice before this Court will be effective until he shall have been admitted, but he may be recognized as counsel in a pending case to the extent permitted by the Court and then only where it appears that he can and will be promptly admitted. For the procedure for admission to practice before the Court, see Rule 200. Petitioner made it clear that the counsel of her choosing was not a person licensed by this Court. As we stated in Cupp v. Commission,65 T.C. 68, 85 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977): The requirement that only qualified persons are permitted to represent litigants before this Court is for the protection of litigants by insuring that only persons *518 able to properly represent a party appear for him. Petitioner in this case was afforded full opportunity to be heard and to represent himself at the trial. Petitioner's reliance on the sixth amendment of the Constitution of the United States is totally misplaced. The sixth amendment of the United States Constitution deals with criminal prosecution and is not applicable to a civil proceeding. Petitioner here was afforded full opportunity to be heard and therefore we conclude that no rights of his were violated at the trial because a person not properly qualified to represent him before this Court was not permitted to act as his attorney during the trial. [Fn. ref. omitted.] Our language in Cupp applies equally here. Indeed, the Court hopes that it is by now apparent to petitioner that those persons advising her as to her course of action before this Court and who assisted her in the preparation of the various frivolous papers she has filed with the Court, could not have been working towards her best interests but, rather, toward their own private agenda. We find that the petition, as well as other documents filed by petitioner, is frivolous and groundless. Accordingly, *519 we award damages in the amount of $2,000 to the United States pursuant to the provisions of section 6673. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85↩.