MELVIN V. GORDON and BARBARA M. GORDON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gordon v. Commissioner
Docket No. 18081-83.
United States Tax Court
T.C. Memo 1985-266; 1985 Tax Ct. Memo LEXIS 370; 50 T.C.M. (CCH) 27; T.C.M. (RIA) 85266; June 3, 1985. Melvin M. Gordon and Barbara M. Gordon, pro se. Roger Glienke, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined a deficiency of $8,253.26 in petitioners' Federal income taxes for 1976 and an addition to tax of $4,126.63 for fraud under section 6653(b) [1]. Respondent has moved for summary judgment and for damages under section 6673. The material facts are deemed admitted by reason of petitioners' failure to respond to a Request for Admissions *371 served by respondent pursuant to Rule 90, Tax Court Rules of Practice and Procedure. Although petitioners appeared at the hearing of respondent's motion, they did not dispute the material facts. We must decide, however, (1) whether those facts establish fraud as a matter of law and (2) whether this proceeding has been instituted or maintained primarily for delay or petitioners' positions in these proceedings are frivolous or groundless. Petitioners were residents of Studio City, California, at the time they filed their petition herein. Their petition contained no facts showing that respondent's determination was erroneous; it was based entirely on tax protester arguments repeatedly rejected by this and other courts. See, e.g., Billman v. Commissioner,83 T.C. 534 (1984), on appeal (11th Cir., Feb. 11, 1985); Rowlee v. Commissioner,80 T.C. 1111 (1983). Along with their petition, petitioners filed a Request for Jury Trial, which was denied. See McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981). In his answer, in support of the determination that part of the deficiency for 1976 was *372 due to fraud, respondent set forth detailed allegations that petitioners willfully filed a false and fraudulent joint Federal income tax return for 1976, knowing that gross receipts from commissions on the sale of life insurance by Melvin M. Gordon were understated in the sum of $13,223.27 and sales and other receipts earned in connection with a boutique business operated by Barbara M. Gordon were omitted in the amount of $6,273.61. Respondent also alleged that petitioners failed to maintain, or to submit for examination by respondent, complete and adequate books of accounts and records of their income-producing activities during 1976. Petitioners did not file a reply to the answer and have never denied those allegations. Respondent served on petitioners a Request for Admissions, setting forth detailed facts on which respondent's allegations in the answer were based. Petitioners did not respond to the Request for Admissions, and they have thus admitted, among other things, that they substantially underreported their taxable income for 1976 and understated their reported income tax liability for that year on the joint return filed by them. They also admitted facts establishing *373 that by reason of education and experience they knew of their obligations to report income, knew that their tax shown on their return was understated, and knew that the allegations in their petition were frivolous. During hearing on respondent's Motion for Summary Judgment, which coincided with the time set for trial, petitioners did not raise any issue of material fact with respect to their unreported income or their knowledge of the omissions on their return. They admitted that they could not prove their entitlement to deductions not allowed by respondent in part because they had destroyed records that had previously existed. Petitioners attributed their failure to report all of their income and their maintenance of this action to their conclusion that they did not have sufficient funds to pay the taxes that they owed when they were due. They acknowledged their receipt of the Request for Admissions, their understanding of the consequence of failure to respond, and their failure to respond. The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy *374 expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell,303 U.S. 391, 401 (1938). Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment was due to fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure. This burden is met if it is shown that the taxpayers intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud will never be presumed. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's *375 entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). The intent to conceal or mislead may be inferred from the pattern of conduct. See Spies v. United States,317 U.S. 492, 499 (1943). A pattern of consistent underreporting of income, especially when accompanied by other circumstances showing an intent to conceal, justifies the inference of fraud. See Holland v. United States,348 U.S. 121, 137 (1954); Otsuki v. Commissioner,supra.
In this case, we conclude that the undisputed evidence of willfully underreporting income, understating taxes, and failing to maintain books and records, establishes fraud as a matter of law. Petitioners affirmatively assert that their intention was to avoid payment of taxes they knew to be owing. Respondent's Motion for Summary Judgment will be granted. Petitioners' arguments set forth in their petition are frivolous, and they have admitted, in effect, that they brought this proceeding primarily for delay. Damages, therefore, shall be *376 awarded to the United States in the amount of $3,000. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩