RICHARD D. and LILA F. LEHEW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lehew v. Commissioner
Docket No. 42122-84.
United States Tax Court
T.C. Memo 1987-389; 1987 Tax Ct. Memo LEXIS 386; 54 T.C.M. (CCH) 81; T.C.M. (RIA) 87389; August 10, 1987. *386 During 1980, P earned commission income and was discharged from a debt that he owed to his former employer. On their 1980 joint Federal income tax return, Ps did not include such commission or discharge of debt in gross income. Ps also claimed deductions for business expenses, interest expenses, and medical expenses in 1980. Held:
(1) Ps must include the commission income and discharge of the debt in gross income for 1980 under sec. 61, I.R.C. 1954. (2) Ps have failed to substantiate some of the claimed deductions for business, interest, and medical expenses. (3) Ps are liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence or intentional disregard of rules and regulations. Richard D. Lehew and Lila F. Lehew, pro se. Gary A. Benford, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 3,138.00 in the petitioners' Federal income tax for 1980 and an addition to the tax of $ 156.90 under section 6653(a) of the Internal Revenue Code of 1954. [1] The issues for decision are: (1) Whether commissioners credited to Mr. Lehew's outstanding advances account and the discharge of the unpaid balance of that account by his former employer constituted gross income to the petitioners for 1980; (2) whether certain expenses claimed by the petitioners as deductions in 1980 have been substantiated; and (3) whether the petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules *388 and regulations. All of the facts have been stipulated, and those facts are so found. The petitioners, Richard D. and Lila F. Lehew, husband and wife, maintained their legal residence in Grand Prairie, Texas, at the time the petition in this case was filed. They filed their joint Federal income tax return for 1980 with the Internal Revenue Service. Mr. Lehew was employed as a salesman by the Southwestern General Life Insurance Company (General Life) from April 1979 until January 1980. Upon selling an insurance policy, he was entitled to a commission on the initial premium and on future premiums paid for a specified time. In accordance with his contract with General Life, Mr. Lehew received advances against future commissions. The advances were intended as loans, and there was an unconditional personal obligation on the part of Mr. Lehew to repay the advances. [2]
*389 At the time Mr. Lehew's employment was terminated in January 1980, he had received $ 9,300.94 as advances from General Life. Of such amount, he had received $ 8,361.13 in 1979 and the balance in 1980. During 1980, Mr. Lehew continued to earn commissions based upon policies sold by him prior to his termination. He earned $ 4,116.82 as commissions, and that amount was credited against his outstanding advances. At the close of 1980, General Life charged-off the remainder of the outstanding advances, $ 5,184.12. General Life issued a Form W-2 to Mr. Lehew reflecting the commissions earned by him in 1980 and credited to his outstanding advances and a Form 1099-MISC (statement for recipients of miscellaneous income) to reflect the remainder of the outstanding advances. On their Federal income tax return for 1980, the petitioners did not report as income the commissions earned in 1980 or the discharge in 1980 of the debt owed to General Life. They claimed deductions for employee business expenses, interest expenses, and expenses for medicine and drugs. In his notice of deficiency, the Commissioner determined that both the commissions earned in 1980 and the amount of debt discharged *390 in 1980 constituted income to the petitioners. The Commissioner also disallowed portions of the petitioners' deductions on the ground that they were unsubstantiated. The Commissioner further determined that the petitioners were liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. The first issue that we must decide is whether the commissions credited to Mr. Lehew's outstanding advances account and the discharge of the outstanding balance of that account by his former employer constituted gross income to the petitioners for 1980. The petitioners have the burden of proof on this issue. Rule 142(a), Tax Court Rules of Practice and Procedure.[3]
First, section 61(a)(1) specifically provides that gross income includes income from whatever source, including commissions. Mr. Lehew was employed by General Life as an insurance salesman. When he sold a policy he was entitled to a commission on the initial premium payment and commissions on future *391 premiums when they were paid. Although Mr. Lehew's employment with General Life was terminated in January 1980, he continued to earn commissions on policies sold by him prior to his termination. Instead of paying these commissions to Mr. Lehew, General Life credited his outstanding advances account. When the advances were made to Mr. Lehew, he was not taxable on them because they were in effect loans. Beaver v. Commissioner,55 T.C. 85, 91 (1970). However, when the commissions earned by him in 1980 were credited to his account, his obligation to repay the loans was reduced by that amount, and the reduction of that obligation did constitute the receipt of gross income. Newmark v. Commissioner,311 F.2d 913, 915 (2d Cir. 1962), affg. a Memorandum Opinion of this Court. Secondly, it is well settled that gross income includes income from the discharge of indebtedness. Sec. 61(a) (12); Commissioner v. Jacobson,336 U.S. 28 (1949); Helvering v. American Chicle Co.,291 U.S. 426 (1934); United States v. Kirby Lumber Co.,284 U.S. 1 (1931). *392 The undisputed evidence makes it clear that Mr. Lehew owed money to General Life and that such debt was discharged in 1980. Therefore, the amount of debt discharged in favor of Mr. Lehew constituted income to him for 1980 as determined by the Commissioner. He was not taxed on the advances when received, but he was taxable on the discharge of the obligation to repay them. The second issue that we must decide is whether the petitioners have substantiated certain deductions that they claimed in 1980. The petitioners have the burden of proof on this issue. Rule 142(a). The petitioners have claimed deductions in 1980 for employee business expenses, interest expenses, and expenses for medicine and drugs. The petitioners have failed to substantiate those expenses in full. The Commissioner has disallowed the unsubstantiated portion of such expenses. Also, due to adjustments in the petitioners' gross income and the adjustments to medicine and drugs expenses, the petitioners' allowable medical deduction was further reduced. The petitioners have offered no evidence that would further substantiate any of the expenditures for which they are claiming deductions. Thus, deductions claimed *393 by the petitioners are disallowed to the extent they remain unsubstantiated as determined by the Commissioner. The third and final issue that we must decide is whether the petitioners are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. The petitioners have the burden of proving that the underpayment of their tax was not due to negligence or intentional disregard of rules and regulations. Rule 142(a); Enoch v. Commissioner,57 T.C. 781 (1972). The petitioners were notified that General Life reported the commissions earned by Mr. Lehew in 1980 and the discharge of the balance in his outstanding advances account as income, and they offered no evidence as to the reasons for their underpayment. Therefore, we hold that they are liable for the addition to tax as determined by the Commissioner. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
2. In this case, the Commissioner did not attempt to tax the advances when received, and consequently, we express no opinion on that issue. Compare Security Associates Agency Insurance Corp. v. Commissioner,T.C. Memo. 1987-317↩. 3. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure. ↩