VIRGINIA L. FOX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fox v. Commissioner
Docket No. 947-91
United States Tax Court
T.C. Memo 1991-240; 1991 Tax Ct. Memo LEXIS 269; 61 T.C.M. (CCH) 2762; T.C.M. (RIA) 91240; May 30, 1991, Filed *269 An appropriate order and decision will be entered. Bruce A. Anderson, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code in effect for the taxable year in issue, unless otherwise indicated. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted filed pursuant to Rule 40 and respondent's Motion for Damages (a penalty) under section 6673. Petitioner filed a Motion to Continue Hearing which was denied. Respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Additions to Tax Under Sections
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
1986
$ 3,631 $ 25.35 *
1987
1,979
--
--
*270 Respondent's determinations are based upon the failure of petitioner to report various items of income and disallowances of claimed deductions. Petitioner disputes respondent's determinations on the following grounds: a] Petitioner has been construed as a 'taxpayer' not true, pursuant to Code § 3401(c) and § 6331(a) b] The so-called deficiency amount or $ 6,437.00 is a figure of inaccuracy, as there was not at any time an attested to statement certifying the amount as accurate. [1]
c] Gerald F Swanson is well aware of the non-taxpayer status, as well as the taxpayer status, those required to pay income taxes. d] Documents sent forth from the district director or Swanson has been less than honest with proof and is punishable under T-18 USC § 3, 4, 241, 242 1001 & 1621, who is a taxpayer *271 pursuant to T-26 USC Code [sic] § 3401(c) and § 6331(a). The short answer to petitioner's assertions that she is not a taxpayer is that petitioner is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984). In her petition and motion to continue hearing, and in numerous documents sent to respondent, petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to repeat these discussions here. Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." We agree with respondent that petitioner's petition does not allege any *272 justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5). Accordingly, decision will be entered for respondent. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, *273 we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 4,500. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on $ 507, the underpayment of tax due to negligence.↩
1. The $ 6,437 figure is the amount of the deficiency in Federal income tax determined for the taxable year 1988, which is involved in petitioner's other case, docket no. 514-91, in which we have filed an opinion as of this date.↩