968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martin J. BECKMAN and Earline H. Beckman, Plaintiffs-Appellants,
v.
UNITED STATES of America; Getter Trucking, Inc. Profit
Sharing Plan, Defendants-Appellees.
 No. 90-35785.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 1, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin J. Beckman and Earline H. Beckman appeal pro se the district court's summary judgment in their action challenging the government's seizure and sale of their property to satisfy unpaid federal tax liabilities. The Beckmans contend that the Internal Revenue Service ("IRS") failed to follow its procedures concerning the assessment, lien, seizure and sale of their property. They also contend that they are entitled to a jury trial under the seventh amendment of the United States Constitution. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Barlow v. Ground, 943 F.2d 1132, 1134 (9th Cir.1991), cert. denied, No. 91-1739 (U.S., June 22, 1992). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 * Background
 
 
 5
 In 1976, the IRS assessed the Beckmans for tax deficiencies in their 1974 tax returns. The IRS placed a lien on the Beckmans' property, and on June 20, 1979, sold the property to William R. Getter.[1] Beginning in 1977 and continuing through 1989, the Beckmans filed four actions, including the present action, in federal court challenging the seizure and sale of the property. In each action, the Beckmans alleged that the IRS failed to follow proper administrative procedures, and they sought declaratory and/or monetary relief. In each action prior to the present case, the district court dismissed their claims based on lack of subject matter jurisdiction and/or sovereign immunity.[2]
 
 
 6
 In the present case, the district court reviewed its three prior decisions and a Montana state court decision quieting title to Getter and concluded that the Beckmans' action was barred under the doctrine of claim preclusion. The district court granted summary judgment in favor of the United States and Getter. This appeal followed.
 
 II
 Merits
 A. Claim Preclusion
 
 7
 Claim preclusion "treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same 'claim' or 'cause of action.' " Claim preclusion "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding."
 
 
 8
 Robi v. Five Platters, Inc., 838 F.2d 318, 321-322 (9th Cir.1988) (citations omitted). With respect to each defendant, we review de novo the district court's decision concerning claim preclusion. Id. at 321.
 
 
 9
 Here, the Beckmans have brought four actions in federal district court, in which the United States has been a defendant three times and Getter twice. Each action was based on the same event, namely, the IRS' seizure and sale of the Beckmans' property. See e.g., Beckman v. I.R.S., No. 81-3468 (9th Cir., July 13, 1982) (unpublished memorandum) (dismissed for failure to exhaust and failure to state a claim); Beckman v. Getter Trucking, Inc., No. 84-3701 (9th Cir., Dec. 26, 1984) (unpublished memorandum) (dismissed for lack of subject matter jurisdiction).
 
 
 10
 In the latest round of litigation, the Beckmans again challenge the validity of the seizure and sale of their property and accuse Getter of opportunism. These claims were addressed and dismissed by the district court in the previous actions, and under the doctrine of claim preclusion, these claims are barred. See Montana v. United States, 440 U.S. 147, 153 (1979). Accordingly, the district court did not err by giving the prior federal court judgments claim preclusive effect. See Robi, 838 F.2d at 324 (interpreting and applying California claim preclusion law).[3]
 
 B. Jury Trial
 
 11
 The Beckmans contend that they have been denied their seventh amendment right to a jury trial. Nevertheless, because there is not a common law right of action against the sovereign, "the Seventh Amendment does not apply to suits against the United States." McCoy v. Commissioner, 696 F.2d 1234, 1237 (9th Cir.1983).
 
 C. Sanctions
 
 12
 The United States has requested sanctions against the Beckmans for bringing this appeal. Because the Beckmans' arguments on appeal are wholly without merit and frivolous, we grant the United States' request and award $1500 in sanctions. See Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, appellants' request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Getter was trustee for Getter Trucking Inc., Profit Sharing Plan, the named defendant ("Getter")
 
 
 [2]
 The Beckmans have appealed two of the three prior orders to this court, and we have affirmed the district court's conclusion each time
 
 
 [3]
 Because we conclude that the prior federal court cases precluded the Beckmans' action against Getter, as well as the United States, we need not address the preclusive effect of the Montana state court proceeding