ALEX L. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson v. Commissioner
Docket No. 2313-92
United States Tax Court
T.C. Memo 1992-738; 1992 Tax Ct. Memo LEXIS 779; 64 T.C.M. (CCH) 1665; December 30, 1992, Filed *779 For Respondent: Ansley N. Acree and Jordan S. Musen. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was heard pursuant to the provisions of section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency in petitioner's 1989 Federal income tax in the amount of $ 1,271, together with additions to tax pursuant to section 6651(a) in the amount of $ 242 and 6654(a) in the amount of $ 64. Petitioner resided at San Antonio, Texas, when he filed his petition herein. By notice dated July 10, 1992, this case was calendared for trial on October 5, 1992, at San Antonio, Texas. Petitioner failed to appear and respondent moved to dismiss the case for lack of prosecution. Respondent's motion was granted, and an order of dismissal and decision was entered on October 16, 1992. The order served upon petitioner was returned *780 to the Court by the U.S. Postal Service. Subsequently, petitioner filed a motion for a new trial, stating that his post office box had been closed and providing the Court with a new post office box number. Petitioner had failed to advise this Court of a valid address. See Rule 21(b)(4). In the interest of justice, on November 19, 1992, the Court vacated the order of dismissal. At the same time, the Court issued an order to show cause why the petition should not be dismissed for failure to state a claim upon which relief can be afforded. Prior to the return date of December 9, 1992, on the show cause order, petitioner filed his second amended petition. We now address the petitions filed by petitioner. Petitioner's first amended petition stated that petitioner "is a natural, private, sovereign individual, and conducts his affairs pursuant to common right, not for any purpose of a commodity, article of commerce or objective for profit, and not upon any knowing request, receipt, or upon any activity or event exercise of government privilege, franchise, and benefits." Petitioner is presumably referring to W-2 Forms upon which petitioner was reported as receiving income. Additionally, *781 petitioner alleged that he is not a person liable for income tax. In his second amended petition, filed in response to the order to show cause, petitioner contends that he is exempt from "all occupation income tax" according to Article X of the U.S. Constitution and Article VIII of the Texas Constitution. With the exception of the contention about the Texas Constitution, petitioner is simply reiterating common arguments of tax protesters who have asserted that they are not required to comply with the internal revenue laws of the United States. This Court and others have rejected such arguments time and again. There is no legal support for the proposition that petitioner's wages are not properly includable in his gross income, or that he is not subject to taxes thereon. Sec. 61(a)(1); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). It requires no citation of authority to hold that the Texas Constitution does not serve to remove petitioner from his obligation to file a Federal income tax return, properly report the wages and other income he has received, and pay the tax due, if any. An extended discussion of the law in regard to petitioner's *782 contentions would do no more than waste the Court's time. As we stated in McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983), "The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed 'sincerity' of their wildly espoused positions." Petitioner has not set forth a claim upon which relief can be afforded. Our Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error". Petitioner has set forth only his erroneous theory of the law as the basis for his claim. Nowhere does petitioner claim that he did not receive the income which respondent has determined he failed to report. We further note that Rule *783 34(b)(4) provides that "Any issue not raised in the assignment of errors shall be deemed to be conceded." There are not justiciable issues for trial in this case, and petitioner has failed to state a claim upon which relief can be afforded. We consider now, sua sponte, the imposition of sanctions pursuant to section 6673. That section provides that where it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in such proceeding is frivolous or groundless, the Tax Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Petitioner is pro se, but he knows that this Court has Rules. Further, he is not a neophyte at Tax Court litigation. He previously appeared before this Court in April of 1987, (docket No. 4425-86) at which time he entered into a settlement stipulation with respondent, upon which an order and decision was entered on April 24, 1987. Petitioner, whether with or without counsel, was advised by the issuance of this Court's show cause order that his petition was subject to dismissal for failure to state a claim, and that his contentions *784 did not meet the requirements of Rule 34(b). We gave him an opportunity to file an amended petition which did state a claim, but he chose to file yet another tax protester manifesto. Accordingly, it is apparent and we hold that petitioner filed and maintained this action primarily for purposes of delay. Accordingly, he will be ordered to pay a penalty in the amount of $ 750. An appropriate order and decision will be entered. Footnotes
1. Section references are to the Internal Revenue Code in effect for the year at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩