T.C. Memo. 1996-102


UNITED STATES TAX COURT


ARLIE G. CURRY, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6404-94.            Filed March 6, 1996.


Arlie G. Curry, Jr., pro se.

<u>Elizabeth Downes</u>, for respondent.


MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183.  Unless otherwise indicated, all section numbers refer to the Internal Revenue Code for the taxable year in issue, and all Rule numbers refer to the Tax

Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40.

Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax Under Section 6651(a)(1) |
|------|-----------|-------------------------------------------|
| 1990 | $11,039 | $401 |
| 1991 | 14,664 | 2,547 |

The deficiency for the year 1990 was based on respondent's determination that petitioner failed to report wage income of $21,004 and interest income of $1,598, and on respondent's disallowance of a partnership loss in the amount of $19,626. The deficiency for the year 1991 was based on respondent's determination that petitioner failed to report wage income of $63,406. The additions to tax under section 6651(a)(1) were based on respondent's determination that petitioner's failure to file timely income tax returns for the years 1990 and 1991 was not due to reasonable cause.

Petitioner resided in Tulsa, Oklahoma, when his petition was filed.

For clarity and convenience, our findings of fact and opinion have been combined.

After receiving the statutory notice of deficiency in this case, petitioner sent a letter to the Court requesting information. This letter was filed as a petition. The Court ordered petitioner to file an amended petition, and he did so. In his amended petition, petitioner stated that he "disagrees with the tax deficiencies for the years 1990 and 1991 as set forth in the alleged NOTICE OF DEFICIENCY dated January 27, 1994, a copy of which is attached and identified as EXHIBIT A." Petitioner went on to state:

4. Petitioner denies all deficiencies and all addition [sic] to the alleged tax:

a. The alleged Notice of Deficiency issued is not a true and/or proper Notice of Deficiency.

b. There are no math errors.

c. I have no liability for a non-master file tax.

d. I am not a non-resident alien, foreign corporation, foreign partnership, or foreign estate or trust.

Respondent subsequently filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted pursuant to Rule 40. Thereafter, the Court issued an order calendaring respondent's motion for hearing, and also directing petitioner to file a proper second amended petition before the hearing. Specifically, the Court directed petitioner to file a

second amended petition setting forth with specificity each error allegedly made by respondent in the determination of the deficiencies and separate statements of every fact upon which the assignments of error are based.

Petitioner timely filed his second amended petition with the Court. In addition to allegations virtually identical to those in his amended petition, petitioner added the following in his second amended petition:

5.    The facts upon which the petitioner relies, as the basis of petitioner's case, are as follows:

    a.    The alleged Notice of Deficiency is not a true and/or proper Notice of Deficiency. Agency entries made in the administration of petitioner's tax account are to be posted to the Internal Revenue system of records Treasury/IRS 24.030, Individual Master File, with transaction code 494.

    b.    No transaction code 494, indicating that a true and/or property Notice of Deficiency has be [sic] sent to the petitioner, has been posted to the petitioner's Individual Master File.

    c.    The petitioner requested an administrative hearing with an Internal Revenue Appeals Officer in accordance with the Commissioner's instructions published in the Internal Revenue Manual.

    d.    The Internal Revenue Manual was promulgated in accordance with 26 U.S.C. 7801, 7802, and 7805[.]

    e.    The petitioner was charged with an excise tax violation, a non-master file tax, as indicated on his non-master file transcript. The petitioner is not involved in any activities resulting in excise tax liabilities.

At the hearing on respondent's motion, petitioner made an oral motion to continue, which was denied as untimely under Rule 134. Petitioner presented no other argument.

If the Commissioner determines a deficiency in income tax, the Commissioner is authorized to send a notice of deficiency by certified or registered mail to the taxpayer. Secs. 6211 and 6212; secs. 301.6211-1 and 301.6212-1, Proced. & Admin. Regs. A taxpayer has 90 days (150 days if addressed to a person outside the United States) from the mailing of a notice of deficiency within which to file a petition with the Tax Court challenging the determined tax liability. Sec. 6213; sec. 301.6213-1, Proced. & Admin. Regs. This is the route petitioner chose to follow.

We find that the notice of deficiency in this case complies with the applicable statutes and reject petitioner's contentions as to its validity.

Section 61 provides that gross income means "all income from whatever source derived," including (but not limited to) "Compensation for services", "Gains derived from dealings in property", "Interest", "Dividends", and "Pensions". Petitioner's contention that he is not subject to taxation and therefore not liable for income taxes is without merit. The short answer to petitioner's assertions is that he is not exempt from Federal income tax. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

In his amended petition and in his second amended petition, petitioner makes tax protester arguments that have been repeatedly rejected by this Court and others as inapplicable or without merit.  See, e.g., Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).  We see no need to repeat these discussions here.

Rule 34(b)(4) and (5) provides in pertinent part that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability", and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error."

We agree with respondent that petitioner's petition does not allege any justiciable error with respect to respondent's determinations in the notice of deficiency and alleges no justiciable facts in support of any error as required by Rule 34(b)(4) and (5).  Accordingly, respondent's motion to dismiss will be granted, and decision will be entered for respondent.

Next, on the Court's own motion, we impose a penalty under section 6673.  Section 6673(a)(1) provides in pertinent part that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for

delay, or the taxpayer's position in such proceeding is frivolous or groundless, the Court may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

We hold that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless.  Accordingly, in our decision we will require petitioner to pay to the United States a penalty of $2,500.

<u>An appropriate order and decision will be entered</u>.