T.C. Memo. 1997-462

UNITED STATES TAX COURT

MICHAEL S. PALMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14177-95.                    Filed October 9, 1997.

Michael S. Palmer, pro se.

<u>Roslyn D. Grand</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies and
additions to tax in petitioner's income tax as follows:

| | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1992 | $34,553 | $8,638 | $1,509 |
| 1993 | 31,360 | 7,840 | 1,314 |

The issues for decision are:

1.  Whether petitioner may deduct business expenses in the amount of $70,170.68 for 1992 and $58,369.81 for 1993, as petitioner contends; $17,924 for 1992 and $16,004 for 1993, as respondent contends; or some other amounts.  We hold that petitioner may deduct business expenses of $17,924 for 1992 and $16,004 for 1993.

2.  Whether petitioner is liable for the self-employment tax imposed by section 1401 for 1992 and 1993.  We hold that he is.

3.  Whether petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) for 1992 and 1993.  We hold that he is.

4.  Whether petitioner is liable for the addition to tax for underpaying his estimated taxes under section 6654 for 1992 and 1993.  We hold that he is.

Unless otherwise indicated, section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

A.  Petitioner

Petitioner lived in Marietta, Georgia, when he filed the petition in this case.  He was married during the years in issue.

During 1992 and 1993, petitioner did construction work as a subcontractor for Mark A. Palmer, Inc. (MAP).  MAP paid petitioner $119,492 in 1992 and $106,695 in 1993.  MAP issued Forms 1099-Misc to petitioner showing that it had paid him nonemployee compensation in these amounts.  MAP withheld no Federal income tax from its payments to petitioner for 1992 or 1993.

Petitioner did not file individual income tax returns for 1992 and 1993.

B.   Notice of Deficiency

On April 25, 1995, respondent mailed petitioner a notice of deficiency.  In it, respondent determined that MAP's payments to petitioner were income to him and that petitioner had business expenses of $17,924 for 1992 and $16,004 for 1993 (15 percent of his compensation).

Petitioner did not issue Forms W-2 (wage statements) or Forms 1099 (income statements) to any subcontractors.  Petitioner offered into evidence no canceled checks or receipts showing that he paid subcontractors.

OPINION

A.   Petitioner's Tax Protester Contentions

Petitioner makes several tax protester arguments and submitted related documents and other materials which purportedly support his contention that he is not subject to Federal income

tax. For example, petitioner contends that he is not liable for income tax because he is a citizen of Georgia and not of the United States. He claims that respondent lacks delegated authority to collect tax and that the Internal Revenue Code lacks "positive law" as its foundation. He also contends that he is exempt from income tax because taxable gross income does not include compensation for services. Petitioner's contentions are merely a rehash of frivolous tax protester arguments which have been uniformly rejected by this and other courts. Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). We see no need to catalog petitioner's contentions and painstakingly address them. See, e.g., Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984); Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (7th Cir. 1994).

B.   Unreported Income

Respondent determined that petitioner failed to report nonemployee compensation income paid to him by MAP of $119,492 in 1992 and $106,695 in 1993. Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

The record includes copies of canceled checks written on a MAP account in 1992 and 1993 payable to petitioner. The only items on the checks that were not preprinted are the date, amount, petitioner's name, and Mark A. Palmer's signature. There are no references to invoices on the checks. The checks total $119,492 for 1992 and $106,695 for 1993. The record includes Forms 1099-Misc issued by MAP to petitioner that show that MAP paid nonemployee compensation of $119,492.25 to petitioner for 1992 and $106,695.21 for 1993. Petitioner admits that MAP paid him $119,492 in 1992 and $106,695 in 1993 as compensation for labor. However, petitioner contends that he kept $49,321.57 of the money MAP paid him in 1992 and $48,325.40 in 1993 and paid the rest ($70,170.68 in 1992 and $58,369.81 in 1993) to other people. Petitioner contends that the money he claims to have paid to others was not income to him. Petitioner had no canceled checks, receipts, or other documentary evidence showing that he paid others. He did not issue any Forms W-2 or Forms 1099. He did not call any witnesses to testify that he paid them. Petitioner has not shown that respondent's determination of income for the years in issue is incorrect. Even if petitioner paid some workers for their services, his testimony is not a sufficient basis for deciding how much he paid to them. A taxpayer must keep adequate records from which to calculate his or her correct tax liability. Sec. 6001; sec. 1.6001-1(a),

Income Tax Regs. We sustain respondent's determination of petitioner's income for 1992 and 1993.

C.   Deductions

    1.   Background

A taxpayer may deduct ordinary and necessary business expenses. Sec. 162. To qualify for a business deduction, a taxpayer must show that he or she paid or incurred the expense in carrying on a trade or business in the taxable year and that the expense was ordinary and necessary. Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971).

Respondent determined that petitioner had deductible business expenses under section 162 equal to 15 percent of his compensation; i.e., $17,924 for 1992 and $16,004 for 1993. To be entitled to deduct more than respondent concedes, petitioner must show that he had more business expenses than those amounts.

Petitioner contends that he may deduct amounts he paid to others. As discussed at paragraph B, above, petitioner did not convince us that he paid any amounts to others in the years in issue.

    2.   Worker's Compensation Expense

Petitioner contends that he may deduct 12 percent of the total amount that he claimed in the invoices he submitted to MAP for worker's compensation insurance premiums. We disagree.

Petitioner testified that he usually had to pay 12 percent of his compensation to MAP because his worker's compensation insurance policy had expired and MAP allowed him to be covered under MAP's policy. He testified that he received 12 percent less than the check amount because of the worker's compensation arrangement that he had with MAP. The checks in evidence show that petitioner cashed them and that they were paid in full. There is no documentary evidence that petitioner gave MAP any money for worker's compensation.

A comparison of the canceled checks that MAP paid to petitioner with copies of invoices that petitioner submitted to MAP shows: (a) Some checks are 12 percent less than the total of the invoices that immediately preceded issuance of the checks, (b) some checks were for the total amount of the invoices that immediately preceded issuance of the checks, and (c) some checks were for more than the total of the invoices that immediately preceded issuance of the checks. Some of the checks do not appear to be related to any invoices. The comparison shows that the differences between the amounts in the invoices and checks were $550.01 for 1992 and $6,197.49 for 1993, much less than 12 percent of the invoice amounts. The differences are considerably less than the amounts respondent allowed. We conclude that petitioner has failed to show that he is entitled to deduct 12

percent of the total amounts of his invoices for worker's compensation insurance for the years in issue.

3.  Truck Expenses

Petitioner contends that he may deduct truck expenses for a Ford truck that he bought in 1989 and used in his business. Petitioner testified that he drove the truck about 100 miles a day, 6 days a week, and that his use was purely for business. However, petitioner offered into evidence no receipts or documentation for any truck expenses. A taxpayer may not deduct these expenses unless he or she substantiates by adequate records or sufficient evidence corroborating the taxpayer's own statement the amount, time and place, and business purpose of the expense. Sec. 274(d)(4). Petitioner did not show that his truck was a qualified nonpersonal use vehicle under section 274(d)(4), 274(i), and section 1.274-5T(k), Temporary Income Tax Regs., 50 Fed. Reg. 46033 (Nov. 6, 1985), which is exempt from the substantiation requirements of section 274(d). We conclude that petitioner may not deduct truck expenses for the years in issue.

4.  Conclusion

Petitioner failed to carry his burden of proving that he is entitled to deduct more than respondent allowed for the years in issue.

D.   <u>Self-Employment Tax</u>

Respondent determined that petitioner is liable for self-employment taxes under section 1401 for 1992 and 1993. Section 1401 imposes a tax on a taxpayer's self-employment income. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year. Sec. 1402(b). Net earnings from self-employment income means gross income, less certain deductions, derived by an individual from any trade or business carried on by the individual. Sec. 1402(a). Petitioner bears the burden of proving that he is not liable for the taxes imposed by section 1401. Rule 142(a).

Petitioner offered no evidence or argument on this issue other than tax protester contentions. Petitioner is liable for the self-employment tax for 1992 and 1993.

E.   <u>Failure To File Tax Returns</u>

Respondent determined that petitioner is liable for the addition to tax for failure to file a return for 1992 and 1993. Sec. 6651(a).

Section 6651(a)(1) imposes an addition to tax of up to 25 percent of the tax required to be shown on the return for failure to timely file Federal income tax returns unless the taxpayer shows that the failure was due to reasonable cause and not

willful neglect. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 870 (1985); <u>Davis v. Commissioner</u>, 81 T.C. 806, 820 (1983), affd. without published opinion 767 F.2d 931 (9th Cir. 1985). To prove reasonable cause, a taxpayer must show that he or she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. <u>Crocker v. Commissioner</u>, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. To disprove that the late filing was due to willful neglect, a taxpayer must prove that the late filing did not result from a "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, <u>supra</u> at 245; <u>Estate of Newton v. Commissioner</u>, T.C. Memo. 1990-208.

Petitioner offered no evidence to justify his failure to file returns for 1992 and 1993. Petitioner argues that "IRS's claim of Failure to File Penalty can only apply to a legitimate tax. There is no tax on compensation, therefore there is no penalty." This argument is frivolous.

We sustain respondent's determination that petitioner is liable for the addition to tax for failure to file a return under section 6651(a) for 1992 and 1993.

F.    Failure To Pay Estimated Tax

Respondent determined that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654.

The addition to tax for failure to pay estimated tax under section 6654 is mandatory unless the taxpayer can show that he meets one of the computational exceptions provided in section 6654(e), none of which apply here.  Baldwin v. Commissioner, supra at 871; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner offered no evidence about why he did not pay estimated tax other than his protester arguments.  We sustain respondent's determination that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1992 and 1993.

To reflect the foregoing,

Decision will be

entered for respondent.